171 So.2d 720 (1965)
Curley GRANGER et ux., Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION et al., Defendants-Appellees.
No. 1348.
Court of Appeal of Louisiana. Third Circuit.
February 10, 1965.
Rehearing Denied March 3, 1965.
*721 Francis E. Mire, Lake Charles, for plaintiffs-appellants.
Plauche & Plauche, by A. Lane Plauche, Cavanaugh, Brame, Holt & Woodley, by Donald E. Walter, Lake Charles, for defendants-appellees.
Before FRUGE, SAVOY and HOOD, JJ.
FRUGE, Judge.
Curley Granger, individually and as administrator of the estate of his minor son, Nathan Granger, and Rose Granger instituted this suit against defendants, General Motors Corporation and Cagle Chevrolet, Inc., for injuries received in an automobile accident which occurred in Lake Charles, Louisiana, on March 23, 1963. The automobile in which plaintiffs were riding was struck from the rear when the brakes of a pickup truck driven by Jack D. Cole failed to function properly. Plaintiffs' petition alleges breach of warranty by defendants, General Motors and Cagle Chevrolet, as manufacturer and vendor, respectively, of the pickup truck driven by Cole.
Plaintiffs had previously prosecuted a suit against Allstate Insurance Corporation as liability insurer of Jack D. Cole and obtained an aggregate judgment in the amount of $2,450.00 in accordance with a jury verdict. The trial record contains an acknowledgment by plaintiffs that the judgment was fully satisfied by Allstate Insurance Company's payment of that amount, together with costs and legal interest. That case is designated as No. 58,863 on the docket of the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana.
The defendants in the instant suit, by motion of no cause of action and plea of judicial estoppel, urge the satisfied judgment of the prior case as a bar to the prosecution of this suit. The district judge sustained defendants' motions and dismissed plaintiffs' suit. Plaintiffs have taken this appeal.
Plaintiffs-appellants' position is that satisfaction of the judgment obtained against Allstate Insurance Corporation did not operate as a release of General Motors and Cagle Chevrolet since the latter suit was based primarily on breach of warranty and only alternatively on negligence. It is thus argued that although the instant suit seeks substantially the same relief prayed for in the suit against Allstate Insurance Company, there was no solidary obligation between Allstate, General Motors and Cagle Chevrolet, and therefore payment of the judgment against Allstate should not bar recovery from defendants herein.
Plaintiffs point out that the trial judge in the former case remarked that the jury's verdict was, in his opinion, too low but not so much so as to warrant setting aside. No appeal was taken from that judgment, although a motion for additur and a motion for new trial were entered.
Defendants contend that if they were at all indebted to plaintiffs, then their debt was solidary with that of Allstate Insurance Company and was therefore extinguished by payment of the judgment. Defendants based their argument primarily on LSA-Civil Code Articles 2091, 2092, 2095 and 2134, together with the case of Bonacorso v. Turnley, La.App. 1 Cir., 98 So.2d 295.
We are of the opinion that the district court properly dismissed plaintiffs' suit in light of our Civil Code articles, which provide:
"Art. 2091. There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment *722 which is made by one of them, exonerates the others toward the creditor."
"Art. 2092. The obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing; * * *."
If it is conceded that defendants were indebted to plaintiffs due to breach of warranty, then the debt so owed was one in imperfect solidarity with that owed and paid by Allstate Insurance Company. By referring to the plaintiffs' petitions in the two cases, it is readily seen that the alleged liabilities were for the same injuries.
In the case of Bonacorso v. Turnley, La. App. 1 Cir., 98 So.2d 295, the court held that the obtaining of a judgment against one solidary obligor without satisfaction thereof would not bar an action against the other solidary obligor. In so holding, the court gave a clear statement of our law concerning imperfect solidarity, stating:
"With regard to solidary obligations, for instance, it is settled that if the creditor sues one of the solidary debtors on the obligation, he is not precluded from bringing suit later on the same obligation against the other solidary debtors. * * * And payment of the debt by one of the solidary debtors is required to extinguish the creditor's right to enforce its payment against all of them, whether or not the claim against any of them has been reduced to judgment. Articles 2091, 2095, LSA-C.C."

* * * * * *
"Turnley became bound for the commission [due a real estate broker] by effect of law and under the contract, while Mrs. Stewart became bound for payment of the same commission when, in lieu of the cash down payment which would cover the broker's commission, she gave the broker her check for that amount, on which payment was refused.
"The similar liability of these two individuals for the same debt is technically known in our jurisprudence as one of `imperfect' solidarity. The distinction between the in solido obligation in the sense of the Civil Code (that is, a `perfect' solidarity) and the present relationship is set forth at Gay v. Blanchard, 32 La.Ann. 497, at page 502, as follows:
"`Solidarity may be perfect or imperfect. It is perfect and the obligors are the mandataries of each other, when by the same act, at the same time, they bind themselves to the performance of the same thing. It is imperfect (and they are not mandataries of each other) when they bind themselves to the same thing by different acts or at different times.'
"See also Cline v. Crescent City R. Co., 1888, 41 La.Ann. 1031, 6 So. 851, 854, and cases cited therein. See also Comment, `Solidary Obligations', 25 Tul.L.Rev. 217 at 230, which latter source remarks: `In Louisiana Jurisprudence the only difference between "perfect" and "imperfect" solidarity pertains to the matter of prescription.'"
Appellants argue that in the Bonacorso case the amount due the plaintiff was a sum certain ($800.00), which he recovered, while here the award by the jury totaled something less than full indemnity. Our answer to this is that the jury verdict established the amount due appellants as a sum certain, and plaintiffs' dissatisfaction had as its remedy an appeal from that judgment to this court. Such an appeal was not taken.
Appellants further contend that the Bonacorso case only recognized imperfect solidarity where the debt as to both obligors arose ex contractu. Even so, we see no cogent reason why such a solidary obligation may not arise jointly by tort and contract. Such was the holding in Finn v. Employers' *723 Liability Assurance Corp., La.App. 2 Cir., 141 So.2d 852, where it was stated:
"Even though the assured is bound in tort and the insurer in contract, their obligations, except for the limits of liability contained in the insurance contract, are the same and each may be compelled for the whole, and payment made by either exonerates the other from the creditor. Therefore, the assured and the insurer are debtors in solido to the plaintiffs in these actions."
Appellants have in no way been denied their day in court. The debt owed appellants was established by the jury verdict and the resulting judgment. Payment of that judgment extinguished the debt as to all solidary obligors. LSA-Civil Code Arts. 2091, 2092 and 2134. Accordingly, it is our holding that the judgment dismissing plaintiffs' suit is affirmed. Plaintiffs shall bear the costs of this appeal.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.