REGAN, Judge.
The plaintiff, Matthew Temple, filed this suit against the defendants, Ralph J. Harper, the operator of the motor vehicle which collided with his automobile, and the American Fidelity Fire Insurance Company, Temple’s collision insurer, endeavoring to recover the sum of $368.00, representing the amount of damage incurred to his automobile as a result of this accident.
The defendant insurer answered and denied coverage predicated on the hypothesis that the plaintiff had not given it timely notice of the accident. In the alternative, the insurer claimed the benefit of the $100.00 deductible provision of its policy. The principal defendant, Ralph J. Harper, did not answer; however, he appeared at the trial hereof and testified in his own behalf relative to the extent of the damage to the plaintiff’s vehicle.
From a judgment of the lower court against both defendants solidarily in the amount of $368.00, only the defendant, the American Fidelity Fire Insurance Company has prosecuted this appeal.[1]
The record discloses that the collision occurred on January 31, 1965, in the intersection of Thalia and South Saratoga Streets. The plaintiff was driving his automobile in Thalia Street in the general direction of the Mississippi River, when the left side thereof was struck by the rear end of the Harper vehicle, which was being backed out of South Saratoga Street into the intersection.
The plaintiff• made no report of this accident to his collision insurer until January 17, 1966, approximately fifty weeks after the occurrence of the accident. Subsequently this suit was filed on the last legal day that is, January 31, 1966, against Harper, the tort feasor, and the plaintiff’s collision insurer.
*751 It is thus evident that the primary-question posed for our consideration is whether the plaintiff’s delay of fifty weeks in reporting the loss to his collision insurer prejudiced it sufficiently to warrant denial of the claim asserted under the policy.
The evidence inscribed in the record discloses that the plaintif purchased his automobile new from a dealer, and it was financed through the National Bank of Commerce. Part of the financing arrangement was predicated on the plaintiff’s having collision insurance on the vehicle in order to further secure the bank’s collateral.
The entire transaction was handled by the automobile dealer and the bank, including the acquisition of collision insurance. The plaintiff was never sent a copy of the policy, to the contrary, the policy was sent to the lending institution and remained in its possession.
In any event, the plaintiff notified the automobile dealer of the damage, which he asserted was estimated to be in the amount of $368.00. He was informed that it would be repaired if he would pay the $100.00 deductible, and it was assumed by him that the insurance company was informed of the damage.
The defendant insurer insists that it was prejudiced by the plaintiff’s failure to submit notice and proof of loss to the company within a reasonable time, and points out that a dispute as to the actual extent of damage incurred by the plaintiff’s automobile in fact exists due to the passage of so much time. The record, however, including the testimony of the defendant insurer’s expert, reveals that the damage to the automobile was in the amount for which the plaintiff sued. This expert testified that the automobile was damaged from the left door to the rear panel thereof. This damage is completely consistent with the nature of the accident, since the defendant tort feasor backed into the left side of the plaintiff’s vehicle while it was moving forward.
In the case of Robicheaux v. Calvert Fire Insurance Company,[2] a similar situation developed in which the plaintiff notified the automobile dealer, and notice was not received by the insurance company for approximately twenty months after the collision. In that case, the court reasoned that the insurance company was not prejudiced and that the plaintiff proved his loss by a clear preponderance of the evidence.
An analogous situation exists herein. The plaintiff, who was obviously unaware of the formalities or the mechanics of collision insurance, simply informed the automobile dealer from whom he bought the vehicle of the damage, and he apparently assumed that this was sufficient notice, since the original transaction was handled by the automobile dealer and the bank, including the acquisition of collision insurance. Surely it must be assumed that one who possesses insurance certainly wants to enjoy the benefits thereof when the occasion arises for the use thereof. Moreover, the testimony of the defendant’s own expert corroborates the fact that the vehicle was actually damaged to the extent of $368.00.
The contention of the defendant insurer that it is not liable to the plaintiff solidarily with the defendant tort feasor seems to be the more vexatious question which has been posed for our consideration. In connection therewith Article 2091 of the Civil Code reads:
“There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.”
and Article 2092 provides that:
“The obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing; for instance, *752 if the one be but conditionally bound, whilst the engagement of the other is pure and simple, or if the one is allowed a term which is not granted to the other.”
It is conceded that the liability of the defendant insurer arises from a contract, while the liability of the principal defendant emanates from his delictual responsibility for his negligent act. Moreover, it is quite obvious from the terms of the insurance contract that the insurer’s liability is $100.00 less than that of the principal defendant since the policy sued upon contains a $100.00 deductible provision.
The defendant insurer insists, in effect, that there can be no solidary liability when one obligation arises from a contract and the other emanates from a tort. This argument neglects to consider, however, the doctrine of imperfect solidarity, long recognized in our jurisprudence. In the case of Gay & Co. v. Blanchard,[3] the court elucidated on imperfect solidarity as follows :
“ * * * Solidarity may be perfect or imperfect. It is perfect, and the obligors are the mandataries of each other, when by the same act, at the same time, they bind themselves to the performance of the same thing. It is imperfect (and they are not mandataries of each other) when they bind themselves to the same thing by different acts or at different times.”[4]
Such imperfect solidarity may arise from a contract and a tort. Except for the limits of liability contained in the insurance contract, both defendants are bound to the same obligation, and payment by one exonerates the other from liability.[5] Moreover, the amount to which each debtor is bound need- not be identical, so that two debtors, bound by different judicial acts, may be solida-rily liable up to the extent of the lesser obligation.[6]
Under these circumstances, we are of the opinion that both the defendant insurer and the defendant tort feasor are liable solidarity to the extent of $268.00, which represents the amount of the insurer’s obligation to the plaintiff under its contract of collision insurance. The plaintiff must then look to the defendant tort feasor to recover the remaining $100.00 of his judgment.
In view of what we have said herein-above, it is evident that the lower court erred when it inadvertently failed to recognize the $100.00 deductible provision contained in the contract of insurance, and the judgment must be amended in favor of the insurer to this extent.
For the foregoing reasons, judgment is hereby rendered in favor of the plaintiff, Matthew Temple, and against the defendant, Ralph J..Harper in the full sum of $368.00, with legal interest from judicial demand until paid, and for all costs. Judgment is further rendered in favor of the plaintiff and against American Fidelity Fire Insurance Company in the full sum of $268.00, with legal interest from judicial demand until paid, and for all costs. Said American Fidelity Fire Insurance Company is liable solidarity with Ralph J. Harper to the extent of the judgment against it. As amended, the judgment of the lower court is affirmed.
Amended and affirmed.

. Since Ralph J. Harper did not prosecute an appeal, the judgment is consequently final as to him.

. 171 So.2d 264 (La.App.1965).

. 32 La.Ann. 497 (1880).

. See also Granger v. General Motors Corporation, 171 So.2d 720 (La.App.1965). See also 25 Tul.L.Rev. 217 and Aubry & Rau, Droit Civil Francais, Obligations, § 298(b) (La.Law Institute Translation).

. Finn v. Employers’ Liability Assurance Corporation, 141 So.2d 852 (La.App.1962).

. Hidalgo v. Dupuy, 122 So.2d 639 (La.App.1960); Finn v. Employer’s Liability Assurance Corporation, supra.