GULOTTA, Judge.
Plaintiff, Thomas Barr, III, brings this action individually and as administrator of the estate of his minor son, Cameron Boyd Barr,[1] who purchased a 1968 automobile on March 1, 1968, from defendant, General Motors Corporation (Chevrolet Motor Di *756 vision), through an authorized dealer in New Orleans, Stephens Chevrolet, Inc.
On September 19, 1968, plaintiff instituted suit against General Motors Corporation and Stephens Chevrolet, Inc., to rescind the contract of sale and for damages [2] alleging that defendants were jointly, severally, and solidarily indebted unto petitioner. The record reveals that Stephens Chevrolet, Inc., filed no answer. Therefore, plaintiffs obtained a preliminary default, and default judgment was subsequently confirmed against Stephens Chevrolet, Inc. In accordance with plaintiff’s motion and the confirmed judgment, the sale of the auto to plaintiffs for $5,537.00 was rescinded and Stephens Chevrolet, Inc., was ordered to receive from plaintiffs the said automobile and pay to plaintiffs the purchase price thereof, namely $5,537.00 with legal interest thereon from date of judicial demand and all costs. On November 21, 1968, Stephens, Inc., paid the judgment in full. General Motors Corporation subsequently filed exceptions and other pleadings raising the issue that payment of the default judgment by Stephens Chevrolet, Inc., discharged General Motors Corporation. On March 6, 1970, the trial judge maintained defendant General Motors Corporation’s exceptions. From that judgment plaintiffs appealed.
The issue before this court is to determine the effect which the default judgment against Stephens Chevrolet, Inc., and payment of this judgment had upon the liability of its co-debtor in solido, General Motors Corporation.
Plaintiffs allege a solidary obligation on behalf of defendants. The Civil Code defines this obligation in LSA-C.C. art. 2091 as follows:
“There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.”
LSA-C.C. art. 2092 further provides:
“The obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing; *
There is no question that in the case at bar plaintiffs obtained a default judgment against one of the two solidary defendants, and that this judgment was paid in full. In fact, plaintiffs stipulate in their brief that payment has been made. Thus, we address ourselves to the effect of this payment by Stephens, Inc.
The Civil Code specifically provides that payment by one solidary obligor shall discharge all others unless the creditor has expressly made a reservation of rights. LSA-C.C. art. 2203 reads in part,
“The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter." (Emphasis added.)
Thus, for plaintiffs to proceed against General Motors Corporation — a solidary debtor with Stephens Chevrolet, Inc.— since Stephens has already paid plaintiffs, it becomes a prerequisite for this action that plaintiffs have expressly reserved rights against General Motors (under LSA-C.C. art. 2203). After a careful examination of the record, we are unable to find any such reservation of rights by plaintiffs and in particular there is no reservation of rights against General Mo *757 tors Corporation in the default judgment rendered October IS, 1968.
Furthermore, the default judgment determined the quantum of the liability of one of the obligors. Upon payment of this amount, this obligation is extinguished thus extinguishing the obligation of all solidary obligors.
In absence of the requisite reservation of rights by plaintiffs to proceed against General Motors Corporation, we find plaintiffs have no basis for this appeal, and thus adopt in part the trial judge’s reasons for judgment:
“The plaintiff in his petition has alleged that Stephens Chevrolet and General Motors are liable in solido. Plaintiff’s judgment against Stephens Chevrolet was fully satisfied. Therefore, the exception of no cause of action is well founded.
“Article 2092, RCC., says that the obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing. Even though the obligation of General Motors may be different from Stephens Chevrolet, there is still an imperfect solidarity, and the payment by one exonerates the other toward the creditor. Granger v. General Motors Corporation, 171 So.2d 720 (La.App. 3rd Cir. 1965)”
We are of the opinion that the district court properly maintained defendant’s exception of no cause of action. The amount owed plaintiffs was established by the default judgment. Payment of that judgment extinguished the debt as to all solidary obligors. LSA-C.C. arts. 2091, 2092, and 2203. Accordingly, we hold that the judgment maintaining an exception of no cause of action is affirmed.
Plaintiffs shall bear costs of the appeal.
Affirmed.

. Cameron Boyd Barr by motion was substituted as a party plaintiff by order of the trial judge dated November 24, 1969, upon his allegation that he had attained the age of majority.

. Suit was filed for $14,148.24. In addition to sums expended to buy and repair the car, plaintiff sought damages for replacement car rental, mental aggravation and inconvenience. However, he obtained a default judgment for $5,537.00, the cost of the car plus money spent to repair it.