PRICE, Judge.
These consolidated tort actions arise out of a three-car chain reaction type collision on Highway 173 North of Shreveport. The plaintiff in suit # 12,750, Pleas Wilson, Jr., was the driver of the lead vehicle in a line of three cars proceeding northerly on Highway 173 approaching its intersection with the Roy Road. The second car was a Volkswagen being driven by Reubin L. Swinford, an uninsured motorist. The third automobile, a 1968 Chevrolet sedan, was being operated by Isaac Pennywell, whose liability insurer is Western Casualty and Surety Company.
A southbound pick-up truck made an attempt to turn left at the Roy Road intersection in the path of the Wilson vehicle causing Wilson to apply his brakes to avoid colliding with the oncoming vehicle. The Swinford Volkswagen struck the rear of Wilson’s automobile, and seconds later, the Pennywell car struck the rear of Swin-ford’s automobile. Whether there was a second striking of Wilson’s car by either of the other vehicles after the second impact is a disputed fact. The driver of the oncoming pick-up which caused the series of collisions did not stop and his identity is unknown.
In his action against Swinford, Penny-well and Western Casualty, Wilson seeks damages for personal injuries, loss of wages, medical expense and the amount of automobile damage not covered by collision insurance. He contends Swinford and Pennywell were joint tort-feasors causing his injury and resulting damages as each was negligent by following too closely and not maintaining a proper lookout under the prevailing circumstances.
Hartford Accident and Indemnity Company, the collision insurer of Wilson, filéd suit in docket # 12,749, 324 So.2d 586, against the same defendants seeking to enforce its right of subrogation for the amount of automobile damages paid by it to Wilson.
Answers were filed on behalf of all defendants in which negligence on the part of both following drivers was denied and a special plea of contributory negligence was alleged against Wilson. After hearing the *584 evidence, the trial judge found Wilson free of contributory negligence and further found that Swinford and Pennywell were both negligent in following too close under the circumstances. The court also found as a fact that following the first collision of the Swinford vehicle with Wilson’s car, the Pennywell automobile caused the Swin-ford vehicle to again strike the Wilson car and that the Pennywell automobile may have itself struck the Wilson vehicle.
The court further found the second impact caused by Pennywell to have been much greater than the initial impact of Swinford’s vehicle with the Wilson car and concluded that all physical injuries to Wilson resulted from this second impact. For this reason the court awarded Wilson judgment for $2,501.87 in his suit for personal injuries, loss of wages and medical expenses, solely against Pennywell and his insurer, Western Casualty. The court held Swinford liable for one-half of the automobile damages due Wilson and his insurer, Hartford, and cast Pennywell and his insurer, Western Casualty, for the other one-half.
Pennywell and Western Casualty have appealed in each case assigning as error the action of the trial court in finding that Pennywell’s negligence was a proximate cause of the damage to Wilson or his automobile. Additionally they contend the court was in error in allocating the entire personal injury loss of Wilson against them and in failing to hold Swinford liable in solido with Pennywell and his insurer for Wilson’s personal injuries. These appellants also complain that Wilson did not offer sufficient proof to sustain the award made for loss of wages and part of his medical expense.
Wilson and Hartford have appealed complaining of the proration of the automobile damages equally between Swinford and the Pennywell defendants rather than rendering judgment against all defendants in solido. Wilson also asks that the trial court judgment be amended to hold Swin-ford liable in solido with the other defendants for his damages for personal injuries and related expense.
After the lodging of the transcript of appeal in this court, the Trustee in Bankruptcy was substituted as party-plaintiff in the place of Wilson. Swinford has not appealed nor answered the appeal.
In brief to this court it is conceded there was insufficient evidence to show contribu-, tory negligence on the part of Wilson and this is no longer an issue.
We shall discuss and resolve all issues involved in each suit in this opinion but separate judgments will be rendered for each case.
The issues presented to us in these appeals are as follows:
1. Is there sufficient evidence in the record to show Pennywell’s negligence in striking the rear of the Swinford Volkswagen caused any part of the physical injury or property damage sustained by Wilson in the accident?
2. Should all defendants have been cast in solido for the damages resulting to Wilson and his vehicle in this incident ?
3. Was there sufficient evidence to sustain the awards for loss of wages and medical expenses ?
We find the evidence sufficient to sustain the trial court’s finding that the collision of Pennywell’s car with the Swin-ford automobile caused a second impact on Wilson’s vehicle which resulted in part of his damages and personal injuries.
Wilson testified that after braking his automobile to avoid the left-turning driver, he felt an initial light impact and a few seconds later a second much greater impact. He did not see either of the follow *585 ing cars at the time of the collisions and did not know which struck him from his personal knowledge.
Swinford testified he began braking on seeing the danger develop in his path and had slowed considerably before striking the rear of Wilson’s car. The road was wet from a misty rain and he could not stop before colliding with the right rear of the Wilson vehicle. He was rendered temporarily unconscious by the impact on his car by the Pennywell Chevrolet and had no further knowledge of the events thereafter.
Although Pennywell contends he did not propel the Swinford car into Wilson’s vehicle and that his car came to rest by the side of the Wilson car without ever striking it, the evidence of physical damage to the automobiles and the relative position of each after the series of collisions seems to corroborate the plaintiff’s contention he was struck twice. Wilson’s Chevrolet was damaged extensively on the right rear and on the left front side. This car came to rest near the center line perpendicular to the road. The Swinford car began spinning after it was struck by Pennywell and it came to a stop on the right side of the road. It was severely damaged in the front and rear.
Pennywell’s car remained in the road also near the center line. It suffered substantial damage to the front portion.
Because of the damage to the left front of the Wilson vehicle, a reasonable conclusion can be drawn that it was struck a second time as a result of the Pennywell car colliding with the Swinford vehicle.
We are, however, of the opinion the trial court erred in not casting all defendants liable in solido for all damages occasioned by Wilson personally or to his vehicle in this incident.
Under the evidence in the record in this case there is no method of ascertaining with any degree of reasonable certainty the amount of property damage or of personal injury which resulted from either the first or second impact on Wilson’s vehicle.
There is no reliable evidence to show that Wilson more probably sustained the lumbar ligamentous sprain in the second collision caused by Pennywell rather than the first impact caused by Swinford. The successive collisions were obviously within a few seconds of each other and there were no immediate physical symptoms described by Wilson which would distinguish which impact caused his injury. It is too speculative to assume that the greater second impact would necessarily have been the sole cause of a cervical sprain when the first impact was from the rear.
In so far as the property damage is concerned, the estimate of damage on Wilson’s automobile is based on a total loss. From this evidence it would be impossible to allocate any specific amount of damage to the first or second collision.
In a similar circumstance the drivers of the following vehicles in a series of chain reaction rear-end collisions have been found solidarily liable to the forward driver in Fouquier v. Travelers Insurance Company, 204 So.2d 400 (La.App. 1st Cir. 1967). Also see Jones v. Lungaro, 231 So.2d 60 (La.App. 1st Cir. 1970), in which the solidary liability of joint automobile tort-feasors is found to exist under La.Civil Code, Article 2324.
We find the circumstances compel a conclusion that the district court erred in attempting to apportion the damages under the evidence presented. This is not to say that such an allocation would not be proper if the evidence were such that the damages could be separated with reasonable certainty.
Pennywell and Western Casualty complain that the evidence of loss of wages is insufficient. Wilson testified he was employed as a “chipper” at the time of *586 the accident for Cast Metals of Shreveport. He testified to earning approximately $200 a week at this employment. No corroborating evidence such as check stubs or testimony of his employer was offered to support this claim.
Defendants also contend the evidence is not clear that the wage scale testified to was that being performed at the time of the accident rather than Wilson’s present scale as a welder which is a higher pay classification.
The evidence on loss of wages is minimum and admittedly it would be more certain if Wilson had offered some documentary or live testimony to corroborate his own. However, the trial judge found it sufficiently convincing to allow Wilson the minimal amount claimed of $600 for his three-week absence from work.
There is no evidence which would cast any suspicion on the testimony of Wilson and under the circumstances we find no error in the trial judges awarding loss of wages in this amount. See Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971); Fox v. State Farm Mutual Insurance Company, 288 So.2d 42 (La.1973).
Plaintiff’s attorney concedes defendants’ position that a portion of Dr. Nash’s statement was for treatment unrelated to the accident. The total charge of $118.50 should therefore be reduced by the sum of $28.00.
■ In accord with the foregoing, the judgment appealed from in the action brought by Pleas Wilson, Jr. against Reubin L. Swinford and Isaac Pennywell, et al, is hereby set aside and is recast as follows:
It is ordered that judgment be rendered in favor of Pleas Wilson, Jr. against Reu-bin L. Swinford, Isaac Pennywell, Jr. and Western Casualty and Surety Company, in solido, for the sum of $2,472.87, with seven per cent per annum interest thereon from the date of judicial demand, December 3, 1973, until paid and all cost including this appeal. The expert witness fee of Dr. Nash is fixed at $100 and taxed as cost.