415 So.2d 449 (1982)
Dale M. ERDEY
v.
The AMERICAN HONDA CO., INC., et al.
No. 14807.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*450 Paul H. Due, Baton Rouge, for plaintiff-appellee.
Donald Phelps, Baton Rouge, for defendants-appellants.
Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
Some of the defendants, Dr. Allen Jackson, Dr. Allen Jackson-Dr. Richard L. Bolton, Ltd., and St. Paul Fire and Marine Insurance Company, appealed from the overruling of the exception to the venue and the exception of improper cumulation of actions.
The issues are the venue of a medical malpractice action and the cumulation of that action with one of products liability.
We affirm and remand.
Plaintiff received a broken leg in a motorcycle accident in Livingston Parish, where he is domiciled. He was examined at Dixon Memorial Hospital in Livingston but was transferred to Baton Rouge General Hospital in order to secure the services of Dr. Jackson, an orthopedic surgeon. After treatment, including application of a cast, Dr. Jackson suggested hospitalization but plaintiff elected to return home. When troubles with the leg developed, plaintiff and his parents talked over the telephone to Dr. Jackson. Plaintiff went back to Dixon Memorial Hospital where additional treatment was given by a physician who conferred via telephone with Dr. Jackson. The trouble worsened, and ultimately plaintiff suffered an amputation, which was performed in East Baton Rouge Parish.
In the suit for damages filed in Livingston Parish, plaintiff named as defendants, The American Honda Company, Inc.; Honda Motor Company, Ltd.; G. N. Gonzales, Inc.; Dr. Allen Jackson-Dr. Richard L. Bolton, Ltd., a Professional Medical Corporation; Allen Jackson, M.D.; and St. Paul Fire and Marine Insurance Company, the first three with allegations of defects in the motorcycle and the latter three with allegations of medical malpractice.
After other procedures not pertinent here, the medical malpractice defendants filed an exception to the venue and an exception of improper cumulations, alleging that Dr. Jackson lives in East Baton Rouge Parish, the corporation was formed there and the insurer has its domicile in East Baton Rouge Parish for venue purposes. The court overruled the exceptions.
The general rule of La.C.C.P. Art. 42 that an action should be brought in the parish of the defendant's domicile, has a number of exceptions, two of which are provided by Art. 73, that joint or solidary obligors may be sued in any parish of proper venue as to any defendant, and Art. 74, that an action arising from an offense or quasi-offense may be brought in the parish where the offense occurred or in the parish where the damages were sustained. Appellees seek to justify venue in Livingston Parish for the medical defendants on both exceptions.
Venue for the products liability defendants seems to be proper since Livingston Parish was where the damages were sustained. Appellees contend that the medical malpractice defendants were solidary obligors along with the products liability defendants, at least to the extent of the damages sustained from the time of the initial treatment by the medical defendant.
A tort feasor is responsible for the aggravation of injuries caused by the treatment of the physician. Hillebrandt v. Holsum Bakeries, Inc., 267 So.2d 608 (4th Cir. 1972); Hudgens v. Mayeaux, 143 So.2d 606 (3d Cir. 1962). The physician and his insurer are also liable for the damages caused by *451 malpractice. An obligation in solido occurs when each of the debtors may be compelled for the whole. C.C. Art. 2091; Foster v. Hampton, 381 So.2d 789 (La.1980). Under these circumstances, we believe the obligation to be solidary.
Appellants argue that this is not true because the products liability defendants are responsible for more, the damages accrued to plaintiff prior to the beginning of the medical treatment. However, the fact that the first defendants may be responsible for an additional sum over that for which the doctors may be responsible does not prevent the doctors and the other defendants being responsible for the whole of the damages accruing after the treatment was begun. See Berger v. Fireman's Fund Insurance Company, 305 So.2d 724 (4th Cir. 1974).[1]
Appellants' reliance upon Duhon v. Lafayette General Hospital, 286 So.2d 166 (3d Cir. 1973), we believe to be misplaced. The doctors sought to be held as joint tort feasors had no connection with plaintiff's admission to the hospital where he had been allowed to fall from his bed. The court held that the doctors did not act with or assist the hospital in the commission of the alleged tort, was not solidarily liable with the hospital and therefore could not be sued along with the hospital in the latters' domicile.
Because we find venue proper under C.C.P. Art. 73, we need not address the application of Art. 74.
Without expressing any opinion as to the facts of the case, it may be impossible to allocate some of the damages as resulting solely from the original accident and the alleged medical malpractice. See Wilson v. Swinford, 324 So.2d 582 (2d Cir. 1975).
Appellants assert the actions are improperly cumulated because of improper venue and lack of community of interest. The question as to venue has been answered above.
The concept of community of interest cannot be precisely defined but is related to the presence of facts at issue in the claims against the multiple defendants. The facts of the treatment, the extent of the injuries and other facts would be admissible in cases against each of the defendants. We find that there is a community of interest.
For these reasons the judgment overruling the exceptions is affirmed at appellants' costs for the appeal and the case is remanded for further proceedings.
AFFIRMED AND REMANDED.
SAVOIE, J., concurs in the result.
SAVOIE, Judge, concurring.
I concur, but feel that C.C.P. Article 73 does not provide venue in Livingston Parish in the instant case.
Where there is a substantive difference in the remedy available from each tort feasor, there is no solidarity, even though the tort feasors may have acted concurrently.
What we have here are essentially two torts:
TORT A: The improperly constructed motorcycle causing an accident in Livingston Parish.
TORT B: The malpractice of the Doctor in East Baton Rouge Parish.
The tort feasor in Tort A is American Honda and it is well settled that American Honda is responsible for the aggravation of injuries caused by treatment of the physician.[1]
The tort feasor in Tort B is the Doctor. However, the Doctor is not responsible for the injuries caused by American Honda.
Therefore, insofar as Tort A is concerned, there are no joint tort feasors. However, *452 insofar as Tort B is concerned, American Honda and the Doctor are joint tort feasors.
Applying the foregoing rationale C.C.P. Art. 73 dictates that joint obligors may be sued in any parish of proper venue as to any defendant. C.C.P. 42 dictates that the action should be brought in the parish of the defendant's domicile. That would be East Baton Rouge for the Doctor, and East Baton Rouge for American Honda. Further, the alleged Tort B occurred in East Baton Rouge Parish.
Accordingly, I would reject the contention that Article 73 provides venue in Livingston Parish in the instant case. There is not now nor was there ever any joint obligation by the Doctor and American Honda as to the injuries sustained in Tort A.
The only way that I see Livingston Parish as the proper venue for both American Honda and the Doctor is under the wording of Article 74, which reads to the effect that an action can be brought where the offense occurred or in the parish where the damages were sustained. It can reasonably be stated that the damages resultant from the alleged malpractice were sustained in Livingston Parish.
NOTES
[1] The following quotation is from page 728:

"It is obvious that a negligent physician would be liable for damages resulting from his negligence but not for the initial damages where they could be separated. Thus, as to the subsequent damages only, the original tort feasor and the physician might be liable in solido."
[1] If this were not the case, American Honda and the Doctor would never be joint tort feasors, but rather only successive tort feasors.