DENNIS, Justice,
dissenting.
I respectfully dissent.
The majority opinion indicates that the extent of damages may be relitigated between an insured and his uninsured motorist insurer in any case in which the issue is not precluded by res judicata. As the majority points out in its footnote number seven, its opinion is consistent with policy language which seeks to reserve to the uninsured motorist carrier the right to reliti-gate the issues of either liability or amount of damages when the insured litigates these issues against the tortfeasor without the carrier’s consent.
In my opinion, both the majority opinion and the policy clause are contrary to the uninsured motorist statute. Uninsured motorist coverage is required by law “for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury....” La.R.S. 22:1406(D)(l)(a). An uninsured motor vehicle generally includes “an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured ... as agreed to by the parties and their insurers or as determined by final adjudication.” La.R.S. 22:1406(D)(2)(b). Thus, it is clear that the uninsured motorist carrier’s obligation to its insured is governed by the amount of damages to which the insured is legally entitled to recover by agreement or final judgment from an uninsured or under-insured motorist, regardless of whether the carrier is a party to such agreement or judgment. Moreover, if the tortfeasor and the uninsured motorist carrier are solidary debtors for the benefit of the victim creditor, then suit against one resulting in a satisfied judgment may bar suit against the other. See Granger v. General Motors Corp., 171 So.2d 720 (La.App. 1st Cir. 1965); 2 M. Planiol, Civil Law Treatise, pt 1, No. 760 at 408-409 (11th ed. La.St.L.Inst. trans. 1959).
Accordingly, the determinative issue in the present case is whether the amount of damages which Mr. Doyle is legally entitled to recover from Mrs. Weldon was agreed to by the parties or determined by final adjudication in the federal court suit. The majority opinion does not consider this issue at all. It is an issue which presents difficult problems and I cannot at this time say whether a careful consideration would lead the court to a different result. However, because I believe it, and not res judicata, is the ultimate issue of the case, I cannot join in the majority opinion.