**Tommie H. GREENE, et al.**

v.

**OWENS–CORNING FIBERGLAS CORPORATION, et al.**

**Civ. A. No. 86–475–A.**

United States District Court,
M.D. Louisiana,
Division A.

March 24, 1988.

---

Larry C. McCullogh, Bell, Faller, West & Cooper, Baton Rouge, La., for plaintiffs.

Thomas M. Bergstedt, Richard M. Perles, Scofield, Bergstedt, Gerard, Mount & Veron, Lake Charles, La., for defendants—Fiberboard Corp., Owens–Corning Fiberglas Corp., Eagle–Picher, Industries, Inc., Pittsburg Corning Corp., Celotex Corp., Ruberoid Corp., Armstrong Cork Corp., Acands, formerly Armstrong Contracting and Supply, Keene Corp., Flintkote, Rockwool Mfg. Co., Owens–Illinois.

J. Michael Johnson, Galloway, Johnson, Tompkins, New Orleans, La., for defendant—Combustion Engineering.

Lawrence G. Pugh, III, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for defendant—Raymark, formerly Raybestos Manhattan.

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by defendant, Owens–Corning, for reconsideration of the court's ruling dated December 18, 1987, denying defendant's motion for summary judgment. Plaintiff has filed an opposition. The court finds that there is no need for oral argument. Subject matter jurisdiction is allegedly based upon diversity of citizenship.

Plaintiff, Tommie H. Greene, filed this action against Owens–Corning and other defendants, all alleged to be manufacturers of products containing asbestos, alleging that as a result of exposure to defendants' products, he contracted asbestosis and related lung disease. Although plaintiff does not mention it in the complaint, he was apparently employed by defendant, Owens–Corning, intermittently from 1955 to 1966, as an insulator. He was also employed by others and claims that his exposure to Owens–Corning products (and the products of others) containing asbestos were causative factors of his condition.

Defendant contends that it is immune from tort liability to plaintiff under Louisiana's Worker's Compensation Act LSA–R. S. 23:1021, et seq., Section 1032 of which provides that the compensation benefits stipulated by the Act are "exclusive of all other rights and remedies."

No reported Louisiana decision has dealt with the precise issue before this court. Thus, because this is a diversity case, this court must determine what the Louisiana courts would decide if confronted with the question. *Edwards v. State Farm Ins. Co.*, 833 F.2d 535 (5th Cir.1987); *Commonwealth Life Ins. Co. v. Neal*, 521 F.Supp. 812 (M.D.La.1981), aff'd 669 F.2d 300 (5th Cir.1982).

The Supreme Court of Louisiana in *Gales v. Gold Bond Building Products*, 493 So. 2d 611 (La.1986) squarely holds that, "Any employer whose employment of a claimant has contributed causally to his disabling occupational disease is solidarily obliged to him fully for worker's compensation." id. at 612. Defendant argues that under the facts of this case, it would be liable to plaintiff for worker's compensation and that defendant is entitled to immunity from tort liability because under LSA–R.S. 23:1031.1(H), the compensation rights and remedies granted on account of an occupational disease are exclusive of all other rights. While it is undisputed that plaintiff

was employed by Owens–Corning and that he was exposed to asbestos products during that employment, it has not been clearly established that such exposure was a contributive cause of plaintiff's condition. Defendant suggests that the length of the employment (intermittently, 1955–1966) provides a basis for so concluding. For purposes of this motion, the court will accept that suggestion.

Plaintiff claims tort damages for injuries suffered due to exposure to asbestos products manufactured by Owens–Corning while he was employed by others. Defendant relies upon cases holding that employers in Louisiana have no "dual capacity" liability to employees. A review of the cases cited by defendant, reveals that the present facts are distinguishable. In those decisions, the employee injured in the course and scope of his employment attempted to sue the employer in a capacity other than as employer, based on alleged breach of a separate duty owed by the employer to the employee. For example, in *Hebert v. Gulf States Utilities Co.,* 369 So.2d 1104 (La.App. 1st Cir.1979), the employee sought liability against his defendant-employer in its capacity as landowner. The court concluded that the dual capacity doctrine was not viable in Louisiana. In the present case, plaintiff's allegations of asbestos injury due to exposure from defendant's products while employed by others, do not arise out of the employee-employer relationship of plaintiff and defendant; Owens–Corning under these circumstances is essentially a third party manufacturer outside of the plaintiff's employment relationship with another company.

Under *Gales v. Gold Bond,* supra, it is clear that Owens–Corning would be fully obligated to plaintiff for workers' compensation benefits if plaintiff's employment contributed causally to his condition, even if employment by others was also a causative factor. Plaintiff, however, alleges a separate tort committed by Owens–Corning subsequent to the employment which was not related to the employment relationship—that Owens–Corning manufactured and distributed defective products to plaintiff's other employers to which plaintiff was exposed and which caused (or helped

cause) his condition. Defendant's motion suggests that it should escape liability for the separate, non-employment connected wrong because of its possible worker's compensation liability.

The argument has a certain surface plausibility but it does not withstand careful analysis. While compensation under the Louisiana Worker's Compensation Act is the exclusive remedy for all harm which befalls the employee **as a result of the employment relationship,** the Act was surely not intended to shield **former** employers from liability for torts committed upon former employees. Clearly if plaintiff had been injured in a motor vehicle accident caused by defendant's negligent driver two weeks after the employment terminated, there would be no suggestion of tort immunity. The unusual feature of this case is that plaintiff's present condition was allegedly caused progressively by a series of exposures to products containing asbestos. There is only one condition, with multiple causation factors. Owens–Corning is alleged to be a joint tortfeasor with other manufacturers of products containing asbestos, exposure to which over a long period of time caused plaintiff's disease. Under Louisiana law, joint tortfeasors are liable to the victim in solido (each liable for the full amount) even though neither was the sole cause in fact and the torts were committed at different times. LSA–R.S. C.C. art. 2324. *Perez v. State Farm Ins. Companies,* 458 So.2d 218 (La.App. 5th Cir.1984) ("the courts have held that the physician who negligently treats a tort victim's injuries is solidarily liable with the tortfeasor."); *see also Erdey v. American Honda Co., Inc.,* 415 So.2d 449 (La.App. 1st Cir.1982); *Hunt v. Ford Motor Co.,* 341 So.2d 614 (La.App. 2d Cir.1977) (dealer who negligently repaired vehicle held solidarily liable with manufacturer of automobile). Thus under Louisiana law, if Owens–Corning manufactured products containing asbestos to which plaintiff was exposed while employed by others and that exposure contributed causally to plaintiff's condition, then Owens–Corning would be liable in tort to plaintiff along with the other joint tortfeasors. Under *Gales v. Gold Bond,* supra, Owens–

Corning may also be liable in solido to plaintiff, along with the other employers, for the full amount of compensation benefits under the Louisiana Worker's Compensation Act (excluding any consideration of prescription issues).

While this result appears to be contrary to the exclusive remedy provisions of LSA–R.S. 23:1032, it actually is not because Owens–Corning incurs liability for two separate activities: (1) acts which occurred during the employment relationship and (2) torts which occurred subsequent to termination of the employment. This court sees nothing inconsistent in holding Owens–Corning liable for worker's compensation because of harm done to plaintiff during the employment and holding it liable for delictual damages for torts committed following termination. Such a result advances the purposes of both bodies of law —worker's compensation and tort—and does no violence to either. Plaintiff claims that Owens–Corning committed torts which caused him harm after his employment was terminated; if plaintiff can prove that allegation, the Louisiana Worker's Compensation Act should not prevent plaintiff's recovery of damages under tort law.

The "motion for reconsideration" is hereby DENIED.