DOUCET, Judge.
This appeal arises from the trial court’s grant of a motion for summary judgment in favor of the defendants.
The trial court correctly summarized the facts as follows:
This case comes before the Court on a joint motion for summary judgment filed by *1292 all defendants, namely Central Louisiana Ambulatory Surgical Center, Inc., Douglas L. Gamburg, M.D., and Ray J. Beurlot, Jr., M.D.
Louvenia Doyle slipped and fell and suffered injuries while at a Picadilly[1] Cafeteria. She sought medical attention, but claims that the treating doctors increased her injuries through their negligence.
Mrs. Doyle filed two lawsuits, one against Picadilly and its insurers and the other against the doctors. In the second suit, Mr. Doyle joined his claim for loss of consortium. Mrs. Doyle obtained a final judgment against Picadilly and its insurers, and those parties have fully performed their obligations under the judgment.
A hearing was held on the motion for summary judgment and the trial court found as follows:
It is undisputed that Picadilly was negligent in causing Mrs. Doyle’s slip and fall and is responsible for her injuries. That responsibility includes responsibility for aggravated injuries due to any negligence by the treating doctors. Aggravated injuries are part of the immediate and direct damages flowing naturally from the original tort. See Hudgens v. Mayeaux, 143 So.2d 606, (La.App. 3 Cir.1962). See also Doyle v. Picadilly Cafeterias, 676 So.2d 1143 (La.App. 3 Cir.1991), citing Hudgens.
The doctors may or may not have been negligent. If they have, then they are responsible for the injuries flowing from that negligence. La.Civ.Code arts. 2315 and 2316. To that extent, both Picadilly and the doctors are obligated for the same thing, i.e., to reimburse Mrs. Doyle for her aggravated injuries, and they are solidary obligors. La.Civ.Code arts. 1794 and 1797; Foster v. Hampton, 381 So.2d 789 (La.1980), rehearing denied; Erdey v. American Honda Co., Inc., 415 So.2d 449 (La.App. 1 Cir.1982); Berger v. Fireman’s Fund Insurance Company, 305 So.2d 724 (La.App. 4 Cir.1974).
The judgment rendered against Picadilly established the full extent of Picadilly’s obligation to Mrs. Doyle. Picadilly performed under that obligation. That performance released the doctors from possible liability. La.Civ.Code art. 1794; Granger v. General Motors Corporation, 171 So.2d 720 (La.App. 3 Cir.1965), rehearing denied. Again, if the doctors are in fact responsible to Mrs. Doyle, their liability is solidary with Picadilly’s.
Concerning Mr. Doyle’s loss of consortium claim, it is clear from a reading of the “RECEIPT AND RELEASE AND SATISFACTION OF JUDGMENT” that Picadilly’s performance included performance in favor of Mr. Doyle, also. Since the doctors’ liability, if it exists, is solidary with that of Picadilly, Pieadilly’s performance extinguished any obligation which the doctors possibly owed to Mr. Doyle.
Summary judgment is therefore appropriate under La.Code Civ.P. art. 966.
Lamar and Louvenia Doyle appeal alleging several assignments of error.

SOLIDARY OBLIGORS

Louvenia asserts that the original tort-feasors, Piccadilly Cafeterias, Inc. (Piccadilly) and its insurers, and the subsequent tort-feasors, the health care providers, are not solidary obligors. Louvenia argues that at the time her “slip and fall” accident occurred at Piccadilly, the Civil Code did not provide for solidary obligations to apply where the liability of each tort-feasor derives from different acts. She stresses that almost a year had lapsed between the alleged acts of negligence. Additionally, Louvenia essentially argues that she is entitled to future medical expenses from the Patient’s Compensation Fund as provided in the Louisiana Medical Malpractice Act (§ 40:1299.41 et seq.).
We disagree. While Louvenia’s “slip and fall” accident did occur prior to the effective date of C.C. art. 1797, this article is a codification of a principle developed by Louisiana jurisprudence. The trial court correctly outlined the applicable jurisprudence and we adopt its reasoning as our own on this issue. Further, we note that Louvenia successfully sued Piccadilly. Her claim has been reduced to judgment. The entire amount from all tort-feasors was considered at trial as is evi *1293 denced by our earlier decision in this case at 576 So.2d 1143 (La.App. 3 Cir.1991). The judgment in that ease awarded a sum representing all Louvenia’s damages including future medicals whether resulting from the negligence of Piccadilly or the health care providers. Payment of the judgment was acknowledged by the Doyles and Piccadilly in a document entitled Receipt and Release and Satisfaction of Judgment. Piccadilly paid the damages in toto. According to C.C. art. 1794, that performance released the health care defendants from possible liability. Under C.C. art. 1794, Louvenia cannot claim performance from the health care providers. The entirety of the claim was litigated and reduced to judgment. If Louvenia is allowed to bring suit against the health care providers, she could get a double recovery. Any remaining cause of action in this case would appear to be between the solidary obligors for contribution.

CLAIM FOR LOSS OF CONSORTIUM

Lamar Doyle asserts that the trial court erred in holding that Piccadilly’s performance extinguished any obligation the defendant health care providers may have owed to him. Lamar asserts that although he participated in the document entitled Receipt and Release and Satisfaction of Judgment arising from Louvenia Doyle’s suit against Piccadilly and its insurers, he expressly reserved his rights to proceed against the defendants.
The right to recover damages for loss of consortium is authorized by C.C. art. 2315. Furthermore, although Lamar’s claim for loss of consortium derives from Louvenia’s injuries, the loss of consortium claim is a separate claim for his own injuries. Aldredge v. Whitney, 591 So.2d 1201 (La.App. 2 Cir.1991). Lamar was not a party to the original suit. His participation in the document entitled Receipt and Release and Satisfaction of Judgment constituted a settlement, if anything.
The defendant health care providers were not parties to the release and gave no consideration for the execution of this release. Although Lamar released Piccadilly, release of the debt in favor of Piccadilly does not extinguish the solidary obligation.
Under C.C. art. 1803, Lamar’s rights against the health care providers are protected. Thus, the health care defendants were not entitled to summary judgment as a matter of law. Therefore, the grant of the motion for summary judgment as to Lamar’s claim was improper.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part. Costs of this appeal are to be shared equally among the plaintiffs and defendants.
AFFIRMED IN PART; REVERSED IN PART.
KNOLL, J., dissents and assigns reasons.

. Piccadilly is misspelled throughout the trial court’s summary.