61 P.3d 1160 (2002)
115 Wash.App. 8
Patrick CAMPBELL, Appellant,
v.
LOCKHEED SHIPBUILDING CORPORATION, Respondent.
No. 49305-1-I.
Court of Appeals of Washington, Division 1.
November 25, 2002.
Publication Ordered January 9, 2003.
*1161 David A. Stewart, Portland, OR, Alan Brayton, Lloyd Leroy, Brayton Purcell Law Firm, Novato, CA, for Appellant.
Robert Hopkins Madden, Madden & Crockett, Seattle, WA, for Respondent.
Karr Tuttle Campbell, Seattle, WA, for Amicus Curiae, Todd Pacific Shipyard.
Timothy Kost Thorson, Seattle, WA, for Amicus Curiae Carney Badley Smith & Spellman.
Barry Neal Mesher, Lane Powell Spears Lubersky, Seattle, WA, for Defendants: Borg-Warner Automotive.
Diane Kero, Gordon Thomas Honeywell et al., Seattle, WA, for Center for Claims Resolution Dana Corporation Union Carbide.
Matthew Turetsky, Schwabe Williamson & Wyatt, Seattle, WA, for Honeywell International, Inc.
BECKER, C.J.
Patrick Campbell seeks permission to proceed on a third-party tort claim against Lockheed Shipbuilding for illness attributable to his exposure to asbestos. Campbell worked on Lockheed's premises while employed directly by Lockheed, but he also worked on Lockheed's premises while employed by one of Lockheed's subcontractors. He seeks to hold Lockheed liable in tort for the exposure he incurred while employed by the subcontractor. But because Lockheed, as Campbell's employer, is already liable under the Longshore and Harbor Workers' Compensation Act, and that liability is "exclusive and in place of all other liability" for the same injury, the suit attempting to hold Lockheed liable in tort as a third party was properly dismissed.
In the 1970s, Patrick Campbell was exposed to asbestos at various shipyards in the Puget Sound area, including Lockheed Shipyards. During part of the time he worked at Lockheed, he was Lockheed's employee. There were also periods of time during which he worked on Lockheed's premises while employed by Frigitemp Marine, one of Lockheed's subcontractors. Then from 1974 to 1983, he worked for Todd Shipyards.
*1162 Campbell was diagnosed with mesothelioma in 2001. He filed a claim against Todd Shipyards for compensation benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, et seq. This claim was resolved by a settlement.
Later, Campbell filed the present tort action. Lockheed was among the named defendants. The suit alleged that Lockheed had been negligent as the owner of premises on which Campbell was exposed to asbestos during his employment with Frigitemp. Lockheed moved for summary judgment on the defense that its liability was exclusively under the Longshore Act. The trial court granted the motion. "All employers relevant to this motionFrigitemp, Lockheed, Toddare subject to the Longshore Act. Each Longshore employer is entitled to its rights and immunities of the Act." Campbell appeals from this ruling.
The facts are not at issue. If Lockheed was immune from a common law suit, then summary judgment was appropriate as a matter of law. DuVon v. Rockwell Int'l, 116 Wash.2d 749, 753, 807 P.2d 876 (1991).
The Longshore Act provides coverage for an occupational disease such as Campbell's that arises out of and in the course of maritime employment.
The term "injury" means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment.
33 U.S.C. § 902(2). The liability imposed upon an employer for injuries to an employee occurring in the course and scope of employment is exclusive:
The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under the chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee. For purposes of this subsection, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to secure the payment of compensation as required by section 904 of this title.
33 U.S.C. § 905(a).
Campbell is clearly an employee as defined by the Act. 33 U.S.C. § 902(3) ("any person engaged in maritime employment, including any ... harbor-worker"). And Lockheed is clearly an employer. See 33 U.S.C. § 902(4) (An employer for purposes of the Act is an employer "any of whose employees are employed in maritime employment ..."). Under the Act there is no necessity for proof that the exposure caused by Lockheed actually produced the injury. See, e.g., Fulks v. Avondale Shipyards, Inc., 637 F.2d 1008, 1012 (5th Cir.1981) (exposure to injurious stimuli for 2 months at Avondale out of a 16 year history of occupational exposure was sufficient to support liability under the Longshore Act). As an employer who exposed Campbell to asbestos, Lockheed is liable for compensation payable under the Longshore Act for the resulting illness, even if there is no proof that Lockheed was at fault in exposing him to asbestos. 33 U.S.C. § 904(b) ("Compensation shall be payable irrespective of fault as a cause for the injury.").
Campbell nevertheless contends that because he is suing on account of exposure he received when he was working for Frigitemp, for the purposes of his suit Lockheed is not his employer and is not entitled to *1163 assert the exclusivity provision of the Longshore Act as a defense.
Campbell argues that section 905(a) of the Actthe same section that sets forth the exclusivity provisionexplicitly distinguishes between an entity's liability as an employer and that same entity's liability as a contractor. Under section 905(a), a general contractor such as Lockheed will be "deemed" the employer of a subcontractor's employee for the sake of a compensation claim, but "only if the subcontractor fails to secure the payment of compensation as required by section 904 of this title." 33 U.S.C. § 905(a). Because Frigitemp did secure the payment of compensation to Campbell, Campbell argues that Lockheed cannot be deemed his employer. This argument is a non sequitur. It is true that Lockheed is not "deemed" Campbell's employer under section 905(a). But that conclusion does not have the effect of negating Lockheed's status as an employer under the regular definition of that term in section 902(4). Lockheed, like Frigitemp and Todd, was Campbell's employer during part of the time he was exposed to asbestos. Lockheed shares with Frigitemp and Todd the status of an employer under the Act, all of them liable for the same occupational disease.
Campbell agrees that he cannot recover against Lockheed in tort for asbestos-related injury arising out of his employee-employer relationship with Lockheed. He points out, however, that the Act permits a person who is receiving compensation under the Act for an occupational injury to bring a third-party damage suit for the same injury against a "person other than the employer":
If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person.
33 U.S.C. § 933(a). Campbell maintains that Lockheed is a third party other than his employer for purposes of this section, and that he may elect to recover damages from Lockheed as well as to receive compensation under the Longshore Act. The section preserves his tort claim, he argues, because his suit does not seek compensation for any injurious exposure he may have had while employed by Lockheed. He is concerned solely with the injurious exposure he had while employed by Frigitemp.
A similar argument was successful in a Louisiana federal district court case, Greene v. Owens-Corning Fiberglas Corp., 682 F.Supp. 304 (M.D.La.1988). In Greene, the plaintiff, while employed by Owens-Corning as a insulator, had been exposed to asbestos. Later, while employed by other entities, he had been exposed to asbestos manufactured by Owens-Corning. With respect to the latter exposure, he sued Owens-Corning in tort in its capacity as a manufacturer. Owens-Corning, because of its liability as his former employer, asserted the bar of workers' compensation exclusivity under a Louisiana statute which provides workers' compensation benefits that are "`exclusive of all other rights and remedies.'" Greene, 682 F.Supp. at 305 (quoting La.Rev.Stat. § 23:1032(A)(1)). The court rejected the employer's motion for summary judgment, reasoning that the statute "was surely not intended to shield former employers from liability for torts committed upon former employees." Greene, 682 F.Supp. at 306 (emphasis in original). The court stated that its result was not contrary to the exclusive remedy provisions of the statute "because Owens-Corning incurs liability for two separate activities: (1) acts which occurred during the employment relationship and (2) torts which occurred subsequent to termination of the employment." Greene, 682 F.Supp. at 307. The court allowed the plaintiff to maintain his third party tort claim against Owens-Corning for tortious conduct in the manufacturing process that caused him harm after his employment relationship with Owens-Corning had ended. Greene, 682 F.Supp. at 307.
We decline Campbell's invitation to follow Greene. The statutes are not identical. In the Louisiana statute, it is the compensation "benefits" that are exclusive of all other rights and remedies, whereas in the Longshore Act it is the "liability" of the employer that is exclusive and in place of all other *1164 liability. Then, too, Greene is a trial court decision that has not been reviewed on appeal. We have found no appellate decision citing Greene as precedent on the issue of exclusivity. And Campbell has cited no other case holding that an employer who has exposed a worker to asbestos can be liable for the resulting occupational injury not only under a worker's compensation statute but also in a third party tort suit, as a "person other than the employer".
Ultimately, we are not persuaded that the reasoning of Greene is correct or that if correct, it applies to the facts of this case. Greene does not address the fact that courts, in apportioning Longshore Act liability for work related exposure to asbestos, treat asbestos-related disease as an indivisible injury. Bath Iron Works Corp. v. Director, OWCP, 506 U.S. 153, 113 S.Ct. 692, 121 L.Ed.2d 619 (1993).
Campbell's brief implies that Lockheed would be held liable in tort only for any injurious exposure to asbestos he may have had while he was Frigitemp's employee. He states, "It is for the fact finder to determine whether these Frigitemp exposures were a substantial factor in causing Mr. Campbell's disease."[1] But at oral argument he acknowledged what his brief fails to recognize: his damages cannot be allocated. In a tort claim upon an indivisible injury, each negligent defendant found to have caused the damage is jointly and severally liable for the entire harm. Cox v. Spangler, 141 Wash.2d 431, 443, 5 P.3d 1265 (2000). This calls for a different analysis than if Campbell, while working for Frigitemp on Lockheed's premises, had sustained an injury distinct from his exposure to asbestosfor example, an injury caused by falling off a ladder negligently placed by Lockheed.
In the case of a new and distinct injury there would be more utility to Greene's distinction between "acts which occurred during the employment relationship" and "torts which occurred subsequent to termination of the employment". An employer's exclusive liability under the Longshore Act for the injury "arising out of and in the course of employment" could be seen as distinct from that same employer's liability for a different injury arising out of the plaintiff's employment by someone else. In the present case, however, we see no basis for making such a distinction.
In this case Lockheed, as an employer who exposed Campbell to asbestos, potentially had full liability under the Longshore Act for the resulting illness. The Act states that such liability "shall be exclusive and in place of all other liability of such employer to the employee, ... on account of such injury or death". 33 U.S.C. § 905(a). These words unambiguously limit Lockheed's liability for the illness Campbell now suffers as the result of cumulative exposure to asbestos.
Campbell repeatedly argues that limiting Lockheed's liability in this way frustrates the legislative intent behind the Longshore Act because it "would shield an entity who employed a worker for one day from third-party liability for 30 years of that entity's activities which caused negligent exposure to asbestos outside the employment context."[2] Unlikely as that scenario might be, if it did occur there is no reason to suppose Congress intended that such an employer should also be liable on a tort claim. By the same token, if Lockheed had been the last employer responsible for exposing Campbell to asbestos, Lockheed would be responsible for the payment of all his statutory benefits even if the employment lasted only one day. See Travelers Insurance Co. v. Cardillo, 225 F.2d 137, 145 (2d Cir.1955) (Under the last covered employer rule, the entire claim is paid by "the employer during the last employment in which the claimant was exposed to injurious stimuli".) The result that Campbell's reasoning would lead to is that the last covered employerif also found to be at fault as a third party for conduct that contributed to the injurywould be fully responsible not only for all the statutory benefits, but also for all the tort damages. This potential result does conflict with the legislative intent of the Longshore Act, as it would mean that an *1165 employer's liability under the Act is not exclusive of all other liability for the injury.
We conclude that Lockheed is entitled to assert the exclusivity provision of the Act as a defense, and cannot be sued in tort as a third party.
The order of summary judgment is affirmed.
WE CONCUR: AGID and BAKER, JJ.
NOTES
[1] Appellant's Brief at 13.
[2] Appellant's Brief at 6.