564 So.2d 1312 (1990)
John W. ST. AMANT
v.
Stephanie Ransome ST. AMANT.
No. CA 90 0216.
Court of Appeals of Louisiana, First Circuit.
June 26, 1990.
Rehearing Denied August 28, 1990.
Writ Denied October 12, 1990.
*1313 John A. Leiux, Gonzales, for plaintiff, John W. St. Amant.
Floyd J. Falcon, Jr., Baton Rouge, for defendant, Stephanie R. St. Amant.
Before LOTTINGER, CRAIN and DOHERTY,[*] JJ.
LOTTINGER, Judge.
This is an appeal by Stephanie Ransome St. Amant from the judgment of the trial court overruling her declinatory exception raising the objection of improper venue and modifying the joint custody decree to change the domicilary parent of the minor, John W. St. Amant, Jr., from Stephanie to plaintiff, John W. St. Amant.

FACTS
The parties to this litigation were married on September 11, 1981. On March 30, 1983, their only child, John W. St. Amant, Jr., was born. On April 15, 1985, John St. Amant filed suit for legal separation* in Ascension Parish. A joint custody decree naming Stephanie as the domicilary parent was rendered on June 17, 1985, in Ascension Parish. On March 7,1986, a judgment of separation was rendered and made permanent the joint custody decree of June 17, including the domicilary parent provision. Subsequent thereto, Mrs. St. Amant moved to East Baton Rouge Parish with her son, established a domicile, and on January 29, 1987, was granted a divorce by the Family Court of East Baton Rouge Parish. The divorce judgment provides:

*1314 "IT IS FURTHER ORDERED, AJUDGED AND DECREED that as to the issues of custody and child support of the minor child born of the marriage, John W. St. Amant, Jr., by reference thereto, the custody and child support provision currently in effect in a matter entitled, `John W. St. Amant vs. Stephanie Ransome St. Amant,' which bears docket number 35,258, 23rd Judicial District Court, are incorporated into, and made a part of, (sic) judgment of divorce."
Plaintiff, John St. Amant, filed a rule for change of custody on May 1, 1987, in Ascension Parish, to which Mrs. St. Amant filed the declinatory exception raising the objection of improper venue. In filing the exception, Mrs. St. Amant contended that the divorce decree of East Baton Rouge Parish incorporated the previous custody decree making her the domicilary parent, that she was domiciled in East Baton Rouge Parish, and that as a result thereof, East Baton Rouge Parish was the only proper venue. Judge Leon LeSueur overruled the exception. For some reason, this rule for change of custody was never tried, and on November 30, 1987, plaintiff filed the instant rule for change of custody in Ascension Parish. Again Mrs. St. Amant filed the declinatory exception raising the objection of improper venue which Judge LeSueur overruled. The rule was tried before Judge LeSueur, who subsequently recused himself. This matter was ultimately retried before Judge Remy Chiasson who had been appointed Judge Ad Hoc to decide the matter. Judge Chiasson did not revisit the declinatory exception raising the objection of venue, but did modify the original custody decree rendered by the 23rd Judicial District Court for the Parish of Ascension on June 17, 1985, by making John W. St. Amant the domicilary parent.

ASSIGNMENTS OF ERROR
In appealing, Mrs. St. Amant contends the trial court erred in failing to maintain her declinatory exception raising the objection of venue in addition to eight other assignments of error. Because we find merit with the assignment in reference to venue, we pretermit any discussion of the other assignments of error.

I
La.Code Civ.P. art. 74.2 in part provides:
"B. A proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the custody decree was rendered...."
Prior to amendment by Act 417 of 1987, the first sentence of paragraph B of Article 74.2 provided that "[a] proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the original custody decree was rendered."
The Comments to this article when originally enacted by the legislature were expressly not part of the law, however, they are important in attempting to understand legislative intent. Comment (c) to Article 74.2 provides:
"Venue for a proceeding for change of custody would be the parish where the person awarded custody is domiciled or where the original decree was rendered because both courts would be familiar with the circumstances of the case and could rule in the best interest of the minor. This is the result reached in some cases. See Sims v. Sims, 388 So.2d 428 ([La.App.] 2nd Cir.1980). If the person with custody is no longer in the state, the appropriate venue would be where the decree was rendered, for the reasons stated above, and where the person seeking change of custody is domiciled because that court would know the circumstances of that party and could rule on a change of custody issue. Jurisdiction in such a case would be based on the Uniform Child Custody Jurisdiction Act, R.S. 13:1700-1724, especially §§ 1702, 1705, 1706 and 1707."
The legislature made a conscious decision by Act 417 of 1987 when it deleted the requirement that the custody decree must be the original decree. Thus, the legislature left open the opportunity for the parish *1315 from which the last custody decree was rendered to be a proper venue.

II
Mr. St. Amant argues that the trial court was correct in overruling the declinatory exception raising the objection of venue because the Ascension Parish court was the only court that has ever considered any evidence pertaining to custody. The only thing that the Family Court of East Baton Rouge Parish did in granting the divorce was to incorporate the custody decree of Ascension Parish in its judgment.
In his statement of facts Mr. St. Amant is certainly correct. However, the custody decree that he must seek to change is that which is part of the divorce judgment. If the divorce judgment had been silent as to custody, his argument would have merit. See Howard v. Howard, 409 So.2d 279 (La. App. 4th Cir. 1981). In deleting the requirement from Article 74.2 that the custody decree must be the "original decree," the legislature did not in its place require that the custody decree be a "considered decree."
Therefore, we conclude that inasmuch as the divorce judgment granted custody, the previous custody decree abated. Thus it follows that the only custody decree at issue is that found in the divorce judgment.

III
We note at least the possibility of an argument that Article 74.2 speaks of "the person awarded custody," and that in a joint custody situation either parent could claim custody for venue purposes. We dismiss the merits of such an argument because Article 74.2 in speaking of venue uses the singular in referring to "the parish where the person awarded custody is domiciled." The legislature obviously meant one parish and one person. The one person in a joint custody circumstance would obviously be the domiciliary parent, as is Mrs. St. Amant.

IV
Inasmuch as we have concluded that the only custody decree at issue is that found in the divorce judgment rendered by the Family Court of East Baton Rouge Parish, and additionally, inasmuch as Mrs. St. Amant is the person awarded custody and is domiciled in East Baton Rouge Parish, East Baton Rouge Parish is the only parish of proper venue. The trial court was in error in not sustaining the declinatory exception raising the objection of improper venue and transferring this proceeding to the Family Court of East Baton Rouge Parish. La.Code Civ.P. art. 932.

V
We realize that the entire record is before us, and if this was not a question of venue as it relates to custody, we would exercise our constitutional appellate authority and review the record. However, in considering the comments to Article 74.2 and in particular Comment (c), we conclude that the legislature intended that in a change of custody situation it is in the best interest of the child that the parish where the decree was granted or the parish where the person awarded custody is domiciled first consider the evidence as to change of custody. This is so because the court in either of those two parishes had considered the matter before, or because the child is located in that parish.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and the declinatory exception raising the objection of improper venue filed by defendant, Mrs. Stephanie Ransome St. Amant, be and the same is hereby sustained. This proceeding is remanded and the trial court is directed to enter an order transferring this proceeding to the Family Court of East Baton Rouge Parish. Costs of this proceeding are assessed against plaintiff-appellee, John W. St. Amant.
REVERSED AND REMANDED.
NOTES
[*] Judge Lewis S. Doherty, III retired, is serving as judge pro tem. by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.