DOUCET, Judge.
MOTION TO DISMISS OR, ALTERNATIVELY, TO CONVERT APPEAL INTO APPLICATION FOR SUPERVISORY WRITS
Plaintiff-appellee, Elton E. Maxwell, individually and as administrator of the Succession of Herman K. Maxwell, moves to dismiss the lodged suspensive appeal of defendant-appellant, the Rapides Bank & Trust Company in Alexandria. Alternatively, ap-pellee moves to have the suspensive appeal converted into an application for supervisory writs.
Appellee contends that this court should dismiss this appeal under La.Code Civ.Proc. art. 2162. In this regard appellee’s argument can be fairly paraphrased into the following statement: Since appellant’s appeal is without merit, the appeal should be dismissed. This position is spurious; obviously, any appellee would contend that the appellant’s appeal is without merit. How *629 ever, we do find merit to appellee’s request that the appeal should be converted to an application for supervisory writs.
An appellate court need not require that a trial court’s ruling on an exception of improper venue be brought only through the procedural mechanism of an appeal. Chambers v. LeBlanc, 598 So.2d 337 (La.1992). Further, where an ordinary appeal from such a ruling will cause irreparable injury, the appeal can be converted by the appellate court into an application for supervisory writs. Hamilton Medical Group v. Ochsner Health Plan, 550 So.2d 290 (La.App. 3rd Cir.1989). The record in the instant case indicates that irreparable injury will be sustained if this appeal is not considered as an application for supervisory writs; consequently, we shall consider the merits of the exception of improper venue since both parties have addressed this issue in the briefs which have been filed in regards to the pending motion. (Id.)
Initially, appellee filed the instant suit against Gregory N. Wampler, an attorney. The petition alleges that Herman K. Maxwell had delivered a cashier’s check for One Hundred Twenty-Five Thousand ($125,000) Dollars to Wampler in order for the latter to make investments for him with the money. Instead, Wampler allegedly began to convert the funds to his own personal use. Therefore, this suit was instituted to recover the One Hundred Twenty-Five Thousand ($125,000) Dollars from Wampler plus interest, costs, and attorney fees.
Discovery in this suit has revealed that Wampler deposited the cashier’s check into an account at Rapides Bank & Trust Company in Alexandria under the name of Gregory N. Wampler, Escrow Account. Upon further investigation appellee discovered that appellant had taken an offset of the balance remaining in this account on September 4, 1991, and applied this amount to certain personal debts which Wampler owed to the bank. Therefore, appellee filed his First Supplemental Petition which added the Bank as a party defendant and prayed for the return of the portion of the account allegedly stemming from the deposit of the cashier’s check, itemized in the supplemental petition as Fifty-Two Thousand Eighty-Five and 22/100 ($52,085.22) Dollars.
In response to the supplemental petition, appellant filed a declinatory exception of improper venue. Appellant pointed out that the bank is domiciled in Rapides Parish and has no office in Grant Parish; therefore, appellant argued that it should not have been brought into the Grant Parish action. Appellee opposed this exception by arguing that the bank and Wampler were solidary obligors as to the amount of the offset. Thus, appellee asserted that venue was proper in Grant Parish under La.Code Civ.Proc. arts. 42 and 73. Following a hearing on this matter, the trial court overruled appellant’s exception.
Appellant contends that it is not solidarily bound with Wampler since any liability on the part of these respective parties arises from totally distinct sources. This argument is belied by the express words of La.Civ.Code art. 1797 which state, “An obligation may be solidary though it derives from a different source for each obligor.” See also, Erdey v. American Honda Company, Inc., 415 So.2d 449 (La.App. 1st Cir.1982). Thus, in the instant ease, appellant has alleged that Wampler was merely to invest the One Hundred Twenty-Five Thousand ($125,000) Dollars and having failed to perform this task is liable to return this money. Likewise, the bank official who testified at the hearing on the exception of improper venue admitted that Fifty-Two Thousand Eight-Five and 22/100 ($52,085.22) Dollars of the money used by the bank as a setoff came from the deposit of the cashier’s check.
Appellant argues that it had the right to perform the setoff under LSA-R.S. 6:316. Finding the setoff justified, appellant contends that appellee has no cause of action to seek a return of the money from the bank. Accordingly, since appellee has no cause of action against appellant, appellant concludes that it cannot be bound in solido with Wampler.
*630 As stated above the account involved herein was opened in the name of Gregory N. Wampler, Escow Account. In fact, the record reveals that the bank considered this account as an Interest on Lawyer’s Trust account (IOLTA). See, LSA-R.S. 37, Ch. 4 App., Art. 16, Rule 1.15. This court cannot sanction the bank’s use of LSA-R.S. 6:316 as a shield for the bank to prevent appellee from obtaining these funds.
Appellant makes a very alluring argument that appellee has no right to request the return of the money involved since the bank only owes a duty to the depositor, Wampler in this case. However, in the circumstances of this case, the bank has allegedly taken a setoff of an account which was known to the bank as an escrow account. Thus, appellee contends that the bank must have been aware that the money was being held, at least in part, for the benefit of another. Accordingly, when the bank allegedly applied the funds in this escrow account to the personal debts of Wampler, appellee asserts that the bank should have known that such action would probably not be for the benefit of the person for whom the amount was being held in escrow. Thus, this court agrees that under the allegations made by appellee in this case, appellee has a right of action against appellant for the return of these funds. See, LSA-R.S. 9:3801, et seq. and Guaranty Bank & Trust Company of Alexandria, Louisiana v. C & R Development Company, Inc., 260 La. 1176, 258 So.2d 543 (1972).
Thus, under the facts of this case, we find that appellee has causes of action against both the bank and Wampler for the return of the amount used as a setoff by the bank. Accordingly, the trial court was correct in overruling the exception of improper venue. Costs of the writ application are assessed against Rapides Bank and Trust Company in Alexandria.
WRIT DENIED.