WRIT DENIED: This dispute involves the paternal grandfather, W.P. Ray[1], and sister, Sabrina Messer, of Jody Ray, who is now deceased, seeking to establish visitation rights with Jody Ray’s four year old daughter. Jody Ray and his wife, Donna P. Ray, relator herein, were divorced in Allen Parish in July of 1990. In the judgment of divorce, the district court granted custody of the minor child to relator, subject to reasonable visitation privileges in favor of Jody Ray. Subsequently, relator and the child moved to Caddo Parish.
The great grandfather and sister filed an action in Allen Parish in the divorce and custody proceedings, seeking visitation privileges under LSA-C.C.P. Art. 74.2(B). Relator filed an exception of improper venue, alleging the custody decree has abated due to the death of Jody Ray and thus, the parish of her residence, Caddo Parish, is the only proper venue. The trial court overruled relator’s exception. Relator applied for supervisory writs to this court.
We begin by noting visitation is merely a “species” of custody, Maxwell v. LeBlanc, 434 So.2d 375 (La.1983). Thus, the venue articles concerning custody inherently apply to actions seeking visitation rights. Clark v. Clark, 600 So.2d 880 (La.App. 1st Cir.1992); writ denied, 604 So.2d 1305 (La.1992). LSA-C.C.P. Art. 74.2(B) provides, in pertinent part:
“A proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the custody decree was rendered.”
This article does not specify who may bring such a proceeding, only where the proceeding may be brought. The law specifying who may bring visitation proceedings is found in LSA-C.C. Art. 132, which provides in pertinent part:
“Under extraordinary circumstances, a relative, by blood or affinity, not granted custody of the child may be granted reasonable visitation rights if the court finds that it is in the best interest of the child.”
This article mandates that the great grandfather and sister have the right to seek visitation privileges, a right given directly to them, completely independent of the father’s rights.
We find Article 132 does not condition the validity of reasonable visitation rights for a relative by blood or affinity on the father’s rights alone. Even if the father’s rights perished with him, we do not find that the custody decree by which visitation privileges for relatives are allowed, also perishes. The custody decree survives to the extent that it is proper to bring an action for visitation privileges under Article 132. This article gives a class of individuals other than the parents the right to seek modification of that decree. The right to seek visitation privileges under Article 132 in the parish where the custody decree is rendered, commences the moment the decree is rendered.
It was obviously the intent of the legislature to provide those seeking to modify custody to the extent of seeking visitation privileges, a venue in the parish .where the custody decree was rendered. Creating a legal fiction that the custody decree abated would contradict that clear intent. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. LSA-C.C. Art. 9.
*327 For the foregoing reasons, we find no error in the trial court’s ruling.
DOMENGEAUX, C.J., concurs in the denial of the writ.

. W.P. Ray is the great grandfather of the minor child.