698 So.2d 702 (1997)
Susan Willis ADDINGTON, Plaintiff-Appellant,
v.
Charles G. McGEHEE, III, Defendant-Appellee.
No. 29729-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1997.
*703 C. Jerome D'Aquila, New Roads, for Defendant-Appellee.
Ronald J. Miciotto, Shreveport, for Plaintiff-Appellant.
Before NORRIS, WILLIAMS and PEATROSS, JJ.
NORRIS, Judge.
In this domestic case the mother, Mrs. Addington, appeals a judgment sustaining an exception of venue and transferring the case to the domicile of the father, Mr. McGehee. Treating the appeal as a request for supervisory review, we affirm the judgment.
Mrs. Addington obtained a divorce from Mr. McGehee on February 24, 1993 in the 18th Judicial District Court, Pointe Coupee Parish, apparently the couple's former marital domicile. The judgment awarded temporary custody of the couple's two minor children, Charlie and Patsy, to Mrs. Addington. The February 1993 judgment specifically reserved the issue of permanent custody until a hearing could be held.
After the parties physically separated, Mrs. Addington moved to Minden with the two children, took a job as a school teacher, and married her current husband, Mr. Addington. Mr. McGehee then filed a rule in the 18th JDC to be named domiciliary custodian of the older child, Charlie, on grounds of an ongoing conflict between Charlie and Mr. Addington. Mr. McGehee also sought a reduction of child support.
A hearing was held on February 2, 1996; a child psychologist and several witnesses, including the children, testified. The 18th JDC found a change of circumstances; it awarded domiciliary custody of the boy to Mr. McGehee, with a commensurate reduction in his support obligation. These conclusions were reduced to judgment dated June 28, 1996, which has not been appealed.
Mrs. Addington filed the instant petition in her domicile, the 26th JDC, on July 31, 1996. She sought to make both 18th JDC judgments executory in Webster Parish. Alleging that neither of the judgments included a plan of implementation, she attached a plan and prayed for a rule to show cause why it should not be "executed and filed" in the 26th JDC.
*704 Mr. McGehee responded with exceptions of venue and of lis pendens. He argued in essence that proceedings were still in progress in Pointe Coupee Parish, and the case should continue there. Mrs. Addington opposed the lis pendens by arguing that the Pointe Coupee action was no longer pending. She opposed the venue exception by arguing that under La. C.C.P. art. 74.2, venue is proper either in the parish where the person awarded custody is domiciled (Webster) or in the parish where the custody decree was rendered (Pointe Coupee).
After argument of counsel, the 26th JDC ruled from the bench that lis pendens did not apply, but that art. 74.2 gave the court the authority to fix venue in the more convenient parish, Pointe Coupee. The court therefore rendered judgment transferring Mrs. Addington's case to the 18th JDC, Pointe Coupee Parish. Mrs. Addington has appealed suspensively.
At the outset we note that a transfer based on forum non conveniens is normally considered interlocutory. Cashio v. Cashio, 364 So.2d 188 (La.App. 1st Cir.1978); Communication Counselors Network, Inc. v. Burger Chef of La. Inc., 291 So.2d 849 (La. App. 4th Cir.1974). However, an interlocutory ruling may cause irreparable injury, in that there is no practical means of correcting it on appeal. Herlitz Const. Co. v. Hotel Investors of New Iberia Inc., 396 So.2d 878 (La.1981). Because the merits of the exception are squarely before us we will treat this appeal as a writ application and exercise our supervisory authority to review the correctness of the judgment. North Central Util. Inc. v. East Columbia Water Dist., 516 So.2d 1268 (La.App. 2d Cir.1987); Maxwell v. Wampler, 604 So.2d 628 (La.App. 3d Cir. 1992).
On the merits, we note and dismiss both parties' arguments in brief that treat the exception of lis pendens as if it has been sustained. The District Court stated that the case was "not necessarily * * * a question of lis pendens," and both the judgment and the court minutes clearly state that the exception of venue was granted. Silence as to this exception constituted a rejection of it. Sun Finance Co. v. Jackson, 525 So.2d 532 (La.1988); Bamberg v. City of Shreveport, 26,278 (La.App.2d Cir. 12/7/94), 647 So.2d 1207, writ denied 95-0414 (La.3/30/95), 615 So.2d 845.
Mrs. Addington's chief contention in brief is that the District Court erred in sustaining Mr. McGehee's exception of venue and in transferring the case to Pointe Coupee Parish. She urges that venue was proper in either Webster or Pointe Coupee Parish under La. C.C.P. art. 74.2, which states in part:
A. A proceeding to obtain the legal custody of a minor or to establish an obligation of support may be brought in the parish where a party is domiciled or in the parish of the last matrimonial domicile.
B. A proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the custody decree was rendered. * * *
D. For the convenience of the parties and the witnesses and in the interest of justice, a court, upon contradictory motion or upon its own motion, may transfer the custody or support proceeding to another court where the proceeding might have been brought.
Mrs. Addington argues that under these dual venue provisions, venue was proper in her current domicile. In support she cites Clark v. Clark, 600 So.2d 880 (La.App. 1st Cir.1992), a case which affirmed the district court's discretion to hear a petition for visitation in the parish to which the mother and children had moved after custody was granted in the former marital domicile.
Mr. McGehee urges that the District Court did not abuse its discretion to transfer this petition and rule to the more convenient forum under art. 74.2 D. He argues that the 18th JDC had previously adjudicated all the other issues and was "already familiar with the facts and circumstances of this particular case." He cites Ray v. Ray, 630 So.2d 325 (La.App. 3d Cir. 1993), as an example of a case where venue was retained in the parish where the judgment of divorce was rendered, even after both parties moved away.
*705 A plain reading of art. 74.2 shows that venue for this custody matter was proper in either Pointe Coupee or Webster Parish. The forum non conveniens provision, art. 74.2 D, grants the District Court the discretion to decide which of the several "proper" venues is more appropriate, in view of the convenience of the parties and witnesses and the interest of justice.
The discretion allocated to the District Court in art. 74.2 is underscored by a comparison with the general forum non conveniens statute, La. C.C.P. art. 123. The latter article provides:
For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and venue, shall be transferred to any other court pursuant to this Article.

(emphasis added)
The omission of this proviso from art. 74.2 convinces us that in custody matters the District Court has great discretion to select the more convenient venue. As the 18th JDC has ruled on custody since the inception of proceedings in early 1993, has held a trial on the issue of custody, and rendered a considered decree shortly before Mrs. Addington filed the instant petition, we perceive no abuse of the court's discretion. See Labostrie v. Labostrie, 605 So.2d 187 (La.1992).
For these reasons judgment is affirmed at Mrs. Addington's costs.
AFFIRMED.