| í CARAWAY, J.
After the trial court’s denial of appellant’s request for a preliminary injunction, appellant sought appellate relief through both an application for supervisory writs and a motion for an ordinary appeal pursuant to La. C.C.P. art. 3612. Having considered the merits of appellant’s claim in our denial of supervisory writs, this court now dismisses appellant’s appeal.

Facts and Procedural History

D’Arbonne Construction Co., Inc. (“D’Arbonne”) sought a preliminary injunction on April 7, 1998 to prevent the award of a public works contract by the Union Parish Police Jury to Heber E. Costello, Inc. (“Costello”). After the opening and reading of the bids, the Union Parish Police Jury, on April 7, 1998, determined that Costello submitted the lowest bid for a landfill construction project. However, D’Arbonne asserted that because Costello only listed the unit prices and total prices for the work items in numerals but failed to write out the unit prices in words in violation of the instructions on the bid form, Costello’s bid should have been disqualified and it should have been awarded the contract as the next lowest bidder.[1]
D’Arbonne cites as the basis for this action La. R.S. 38:2212(A)(1 )(b), claiming that the public entity, by law, could not *982 consider any requirement on the bid form an informality and waive it. The trial court denied D’Arbonne’s motion for a preliminary injunction on May 21, 1998 at a time when the parties indicated to the court that no commencement of the contract had occurred. D’Arbonne then filed notice of its intent to seek supervisory writs from this court on May 27, 1998. | ¡.Written judgment was signed by the trial court on June 2, 1998, and on that date D’Arbonne also obtained an order granting it an ordinary devolutive appeal.
After considering D’Arbonne’s writ application on its merits, we denied it on June 18, 1998 rendering the following ruling:
WRIT DENIED.
The judgment of the trial court denying injunctive relief is supported by jurisprudence interpreting La. R.S. 38:2212(A)(l)(b). Boh Bros. Const Co. v. DOTD, 97,0168 (La.App. 1st Cir. 7/24/97), 698 So.2d 675. The writ is therefore denied.
D’Arbonne then sought supervisory or remedial writs in the supreme court which were also denied. D’Arbonne Const Co., Inc. v. Union Parish Police Jury, 98-1758 (La.6/30/98), 721 So.2d 896.

Discussion

The Louisiana Bid Law requires that all public work exceeding a certain sum shall be advertised and let by contract to the lowest responsible bidder who bids according to the contract, plans and specifications as advertised. La. R.S. 38:2212(A)(l)(a). La. R.S. 38:2220 provides that any contract entered into for the construction of public works which is contrary to the provisions of this statute shall be null and void. Subsection B of Section 2220 provides a remedy for a violation of this statute in that the district attorney, the attorney general or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract.[2]
An injunction issues in cases where irreparable injury may otherwise result to the applicant. La. C.C.P. art. 3601. In this case, the irreparable injury results Lfrom the award and carrying out of a public works contract before the time that an unsuccessful bidder can obtain relief through the delays of an ordinary civil proceeding. La. R.S. 38:2220’s provision for injunctive relief therefore is statutory recognition that irreparable injury may be prevented by the trial court’s immediate awarding of the public contract to the appropriate bidder when a violation of the public bid laws has occurred and before work on the contract has commenced. That same irreparable injury would continue to exist for the party who must appeal following a trial court’s improper ruling at the preliminary injunction hearing. This court’s review through the supervisory writ process is routinely provided where a trial court’s error causes irreparable injury.[3] La. C.C.P. art. 2201; A. Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429 (1964).
D’Arbonne’s application for supervisory writs to this court was an appropriate effort to obtain the bid of the public contract and thereby prevent irreparable injury to itself and possibly the public. The timely *983 exhaustion of the reniedy for injunctive relief may be the only remedy available to an unsuccessful bidder. Cf., Airline Const. Co., Inc. v. Ascension Parish School Bd., 568 So.2d 1029 (La.1990) [where the court expressly pretermitted the issue of whether an unsuccessful bidder has a remedy for civil damages against the public body]. The additional procedural right for an ordinary appeal under La. C.C.P. art. 3612[4] does not discredit the appropriateness of the expedited supervisory writ process in this instance. Where an ordinary appeal from a trial court ruling will cause irreparable injury because of the delay associated with such appeal, the appeal can be | converted by the appellate court into an application for supervisory review. Maxwell v. Wampler, 604 So.2d 628 (La.App. 3d Cir.1992).
In First Federal Savings and Loan v. Disiere, 542 So.2d 11 (La.App. 4th Cir. 1989), the appellants had also pursued a dual course for the appeal of the trial court’s denial of their exception of improper venue, filing an application for supervisory writs as well as a motion for appeal. After the appellate court had considered the merits of the venue issue in its denial of the writ, the court dismissed appellants’ ordinary appeal of that same issue which had been appealed pursuant to La. C.C.P. art.2083.
Accordingly, we now dismiss D’Ar-bonne’s appeal of the trial court’s denial of preliminary injunctive relief. Our ruling on D’Arbonne’s request for the supervisory writ provided appellate review and decided the issue.
We also note that D’Arbonne’s quest for further permanent injunctive relief in this case would appear to be moot due to the contract’s apparent completion. However, the record before us is not entirely clear on this issue so we remand the matter to the trial court for further proceedings.
APPEAL DISMISSED; CASE REMANDED.

. D’Arbonne’s original petition asks for a preliminary injunction and, after due proceedings, a permanent injunction and judgment declaring D’Arbonne to be the lowest responsible bidder and awarding the bid to D’Ar-bonne. D’Arbonne’s suit also seeks a mandamus action, but, because we interpret La. R.S. 38:2220 to allow for mandatory injunctive relief to enjoin the award of the bid to D’Ar-bonne, we view D'Arbonne’s action as seeking the statutory remedy for injunctive relief which is the only remedy provided to D’Ar-bonne under the Louisiana Bid Law.

. We note that for the disjunctive part of this statute allowing suit “to enjoin the award of a contract or to seek other appropriate injunc-tive relief to prevent the award of a contract" not to be superfluous, "enjoining” the award of a contract must mean requiring the public entity to award the contract to the bidder bringing the action. This immediate mandatory injunctive relief when requested timely and obtained by an unsuccessful bidder such as D’Arbonne, explains the statute’s implicit denial of any other civil remedy to the unsuccessful bidder.

. Although D’Arbonne did not seek an emergency issuance of a writ from this court, such a writ application would be entertained immediately if the record of the preliminary injunction hearing demonstrated the need for such review prior to the award and commencement of the public works contract.

. La. C.C.P. art. 3612 states, in pertinent part, "An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction.” (Emphasis added). Our supreme court interpreted this article to apply to a trial court's denial of preliminary injunctive relief in Morris v. Translates Petroleum, Inc., 258 La. 311, 246 So.2d 183 (La.1971).