h CARAWAY, J.,
concurring.
While I agree with the opinion of the court, I concur to further address the Airline decision which prompted this court’s trilogy of rulings in this case. Based upon its argument to this court, appellant will no doubt now insist that our present ruling is inconsistent with our prior rulings in this case and contrary to Airline. Such argument misconstrues Airline.
Airline was a suit for damages by the lowest responsible bidder against a school board in which the supreme court sustained an exception of no cause of action. The court’s ruling dismissing the suit noted that the petition did not state whether the project was completed when the suit was filed, whether a suit for injunction had been timely filed or whether circumstances existed which made the filing of a timely suit for injunction impossible.
The court’s recognition in Airline that “circumstances” might exist “which make the filing of a timely suit for injunction impossible” indicates that when the public body creates those circumstances a possible cause of action in tort for damages might exist against the public body beyond the express remedies of the public bid law statute, La. R.S. 38:2220. Nevertheless, the court only left the door open for the plaintiff to possibly state such cause of action by amendment pursuant to La. C.C.P. art. 934, thus avoiding definition of the precise nature of such possible cause of action, as shown by the following ruling:
The statute [La. R.S. 38:2220], however, neither authorizes nor denies a cause of action for damages against the public body.
In the present case the Board’s exception of no cause of action asserts that an unsuccessful bidder does not have a cause of action under any circumstances to recover damages against a public body which awards a public contract in violation of the public bid law. We do not reach this broad issue, but rather decide this case on the narrower holding that an unsuccessful bidder on a public contract who fails to resort to the relief granted by statute by attempting to enjoin timely the' execution or the performance of the contract, when the facts necessary for injunctive relief are known or readily ascertainable by the bidder, is precluded from recovering damages against the public body.
*614 | ^Airline Construction Co. Inc. v. Ascension Parish School Board, 568 So.2d 1029, 1032 (La.1990). (Emphasis supplied)
Our initial ruling in this case, Webb I, followed Airline and required the plaintiff to amend the suit to attempt to state a cause of action. Our second ruling, Webb II, acknowledged that a cause of action could exist upon proof of the allegations that the City’s actions made injunctive relief impossible. While Webb II therefore ventured slightly further than Airline by allowing plaintiff the opportunity of trial on the merits, Webb II, like Airline, did not clearly define the circumstances under which a damage remedy might be awarded.
Examination of all other remedies available to the unsuccessful responsible bidder indicates that any damage remedy, in tort, might only be possible in very limited circumstances. The primary remedy afforded under La. R.S. 38:2220(B) allows mandatory injunctive relief whereby “the lowest responsible bidder does have a cause of action to challenge timely the rejection of his bid and to compel the award of the contract to him.” Airline, supra, at 1032, citing Haughton Elevator Division v. State of Louisiana Through Division of Administration, 367 So.2d 1161 (La.1979). As our present ruling points out, to prepare for an injunction suit, the unsuccessful bidder is further provided with summary relief under the Public Records law, La. R.S. 44:35, to quickly obtain the documentation regarding the lowest bid if that documentation was not otherwise made available for review at the public opening of the bids pursuant to La. R.S. 38:2214. By its very nature, injunctive relief proceeds rapidly with a hearing on the preliminary injunction being possible in “not less than two nor more than ten days.” La. C.C.P. art. 3602. As shown in D'Arbonne Construction Co. Inc. v. Union Parish Police Jury, 31,834 (La.App.2d Cir.5/5/99), 736 So.2d 981, after the denial of preliminary injunctive relief immediate appellate review is possible through the supervisory writ process which is routinely provided where a trial court’s error ^causes irreparable damages. As we noted in DAr-bonne, if the record of the preliminary injunction hearing demonstrates that the commencement of work under the public works contract is imminent, an emergency application for supervisory writs would be entertained immediately.
The second remedy listed under La. R.S. 38:2220(B) is for the annulment of the contract. While Webb prayed for annulment in this case, it was not a party to the contract with the City, and Netherton, who was the contractor and an indispensable party for any nullity action, was never named in this suit. The annulment remedy of the statute therefore provides Webb no direct relief.
With no injunctive relief sought in this case, as in Airline, and with no direct remedy in contract possible, the undefined possible cause of action for damages left open in Airline would be in tort. In particular, an analysis of the tort of negligent misrepresentation would be appropriate in this context upon a public body’s direct disclosure of misinformation which prevents the responsible bidder from recognizing the flaw in the lowest bid and from timely exercising injunctive relief. See, Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993). As in Airline, however, we need not reach that issue and make such analysis. In this case, Webb did not seek review of Netherton’s bid at the public opening of the bids and did not receive in the early stage of the process misinformation from the City regarding Netherton’s bid which prevented Webb from exercising its rights to gain the correct information and to timely act for in-junctive relief.