961 So.2d 1246 (2007)
Jamie Michele PINEGAR
v.
Bradley Falcon HARRIS.
No. 2006 CU 2489.
Court of Appeal of Louisiana, First Circuit.
May 4, 2007.
Dissenting Opinion May 16, 2007.
Rehearing Denied July 17, 2007.
*1248 David R. Paddison, Yvonne Chalker, Covington, La., for Plaintiff/Appellee, Jamie Michele Pinegar.
Deborah P. Gibbs, Baton Rouge, La., Margaret H. Kern, Covington, La., for Defendant/Appellant, Bradley Falcon Harris.
Before: CARTER, C.J., WHIPPLE and MCDONALD, JJ.
Dissenting Opinion of Justice McDonald, May 16, 2007.
*1249 CARTER, C.J.
This is a child custody dispute. The father, Bradley Falcon Harris, appeals the Twenty-Second Judicial District Court judgment of September 12, 2006, maintaining joint custody of the minor child but modifying the custody schedule and designating the mother, Jamie Michelle Pinegar, as the domiciliary parent. Ms. Pinegar answers the appeal.[1] We affirm.

Appellate Motions
Mr. Harris sought leave of this court to attach to his appellate brief items filed into evidence during the present proceeding, as well as matters filed in the matter of "Jamie Michele Pinegar v. Bradley Falcon Harris," Nineteenth Judicial District Court, docket number 145,715. Ms. Pinegar filed a motion to strike the exhibits and references thereto within Mr. Harris's brief.
Pursuant to LSA-C.C.P. art. 2164, an appellate court must render its judgment upon the record on appeal.[2] An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Guedry v. Fromenthal, 633 So.2d 287, 289 (La.App. 1 Cir.1993). For this reason, an appellate court cannot consider exhibits attached to an appellate brief that were not filed into evidence at trial. United General Title Insurance Co. v. Casey Title, Ltd., 01-600 (La.App. 5 Cir. 10/30/01), 800 So.2d 1061, 1065.
This court also is precluded from taking judicial notice of a suit record from another court. Union Planters Bank v. Commercial Capital Holding Corp., 04-0871 (La.App. 1 Cir. 3/24/05), 907 So.2d 129, 130. Louisiana Code of Evidence article 202 provides for mandatory judicial notice of federal and state laws and certain ordinances. Article 202 also provides for notice of various legal matters, when requested by a party and with proper documentation. Although a court may take judicial notice of its own proceedings, Article 202 does not allow courts to take judicial notice of other courts' proceedings. Documentation of other courts' proceedings must be offered into evidence in the usual manner. United General, 800 So.2d at 1065.
For the above-stated reasons, the motion to attach exhibits to Mr. Harris's appellate brief is denied. Exhibits A-C, F-K, M, and O-R arise from litigation in a separate suit record, number 145,715 in the Nineteenth Judicial District Court. The remaining exhibits (D, E, L, and N) are part of the present appellate record, making their attachment as exhibits unnecessary. To the extent Mr. Harris's brief references items not part of the record on appeal, the motion to strike filed by Ms. Pinegar is granted.

Facts and Procedural History
Mr. Harris and Ms. Pinegar are the parents of a preschool age daughter. The couple never married. Offered and accepted into evidence during the hearing on the rule to modify custody were three earlier consent judgments entered in the *1250 Nineteenth Judicial District Court, East Baton Rouge Parish, under docket number 145,715. The judgments were signed September 2, 2003; May 16, 2005;[3] and April 26, 2006. The consent judgments reflect that the parents have shared physical custody of the child, in alternating weeks, since her birth. Neither parent is named as the domiciliary parent.
Ms. Pinegar and her child live alone in St. Tammany Parish. Before that, the two resided in New Orleans. In the fall of 2006, Ms. Pinegar was beginning her second year of teaching in the St. Tammany Parish School System. While with her mother in St. Tammany Parish, the child attends St. Michael's Episcopal School pre-kindergarten. The child's pediatrician and therapist also are located in St. Tammany Parish. Mr. Harris does not know the name of the child's pediatrician, and he has never visited the child's classroom or met her teacher in St. Tammany Parish.
When with her father in Baton Rouge, the child resides with her father and his brother. Prior to the fall of 2006, when with her father, the child attended a part-time preschool program in Baton Rouge. Her paternal grandmother was primarily responsible for getting her to and from her Baton Rouge preschool and for staying with the child while her father was at work. In the spring of 2006, Mr. Harris registered the child for a full-time preschool program in Baton Rouge. Mr. Harris registered the child without Ms. Pinegar's consent and knowing that Ms. Pinegar objected to his actions. When Ms. Pinegar spoke with the teacher in her daughter's new school, she learned that, although listed as the child's mother, her contact information had not been provided to the school.
On May 26, 2006, Ms. Pinegar filed the present rule to modify custody and support in St. Tammany Parish. The rule was set for a hearing on July 25, 2006. On July 20, 2006, Mr. Harris moved to continue the hearing. That same date, Mr. Harris filed an exception raising the objections of insufficiency of service of process, improper venue, res judicata, and no cause of action. A hearing on the exception and the rule to modify custody was held on August 22, 2006.
During the hearing, the court heard testimony from Mr. Harris, Mr. Lawrence Harris (the paternal grandfather), and Ms. Pinegar. The court overruled all of the objections raised in Mr. Harris's exception. In particular, the district court ruled that venue was proper in St. Tammany Parish. Following the ruling on the exception, Mr. Harris indicated his desire to seek supervisory review of the district court's denial of his exception raising an objection to venue. Mr. Harris would not agree to an interim order regarding custody pending the resolution of the writ application. Mr. Harris also would not agree to a custody evaluation under LSA-R.S. 9:331.
Accordingly, at the end of the hearing on the rule to modify custody, the trial court rendered its judgment. Although the parents would continue to share joint custody, the alternating week schedule was discontinued. Mr. Harris would enjoy custody of his child every other weekend, from Thursday through Sunday until the child started kindergarten, and a holiday schedule also was put in place. Ms. Pinegar was named as the domiciliary parent. A written judgment was signed on September 12, 2006.

Judgment of September 12, 2006
Venue
Following the denial of his declinatory exception raising an objection to venue *1251 in St. Tammany Parish, Mr. Harris immediately sought supervisory review with this court. On October 20, 2006, this court denied writs, making the following statement: "St. Tammany Parish is a parish of proper venue pursuant to the provision of La. C.C.P. art. 74.2 B, as there has been no designation of domiciliary status and both parties have custody." One judge dissented, noting "[t]he only proper venue for this ongoing litigation is in the East Baton Rouge Parish Family Court." Pinegar v. Harris, 06-2035 (La.App. 1 Cir. 10/20/06) (not designated for publication), writ denied, 06-2749 (La.11/21/06), 942 So.2d 544. On appeal, Mr. Harris asks this court to evaluate whether St. Tammany Parish was a proper venue for Ms. Pinegar's rule to modify custody.[4]
A proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the custody decree was rendered. LSA-C.C.P. art. 74.2 B. Comment (c) of the 1983 comments to Article 74.2 provides: "Venue for a proceeding for change of custody would be the parish where the person awarded custody is domiciled or where the original[5] decree was rendered because both courts would be familiar with the circumstances of the case and could rule in the best interest of the minor."
At the time Ms. Pinegar filed her rule to modify custody, the parents had been awarded joint custody, and neither parent was declared to be the domiciliary parent. A plain reading of LSA-C.C.P. art. 74.2 B shows that, under the facts of this case, venue was proper in either East Baton Rouge Parish or in St. Tammany Parish.
Louisiana Code of Civil Procedure article 74.2 E provides a defendant with a procedure to challenge venue. In evaluating such a challenge, the district court has great discretion to decide which of the several proper venues is more appropriate when considering the convenience of the parties and the witnesses and the interest of justice. See Addington v. McGehee, 29,729 (La.App. 2 Cir. 8/20/97), 698 So.2d 702, 705. When exercising its discretion, the court always should be mindful of whether it has access to the relevant information pertinent to a determination of the overriding concern in all child custody disputes  the best interest of the child.
Under the facts of this case, we find no error in the trial court's conclusion that St. Tammany Parish was a proper venue for Ms. Pinegar's rule to modify custody. We further find the trial court did not abuse its vast discretion in declining to transfer the custody proceeding to East Baton Rouge Parish.[6]
No Cause of Action
When a custody decree is, as herein, a stipulated or consensual judgment, *1252 a party seeking modification of custody must prove that there has been a material change in circumstances since the decree, as well as prove that the proposed modification is in the best interest of the child. Shaffer v. Shaffer, 00-1251 (La.App. 1 Cir. 9/13/00), 808 So.2d 354, 356-357, writ denied, 00-2838 (La.11/13/00), 774 So.2d 151. Mr. Harris maintains Ms. Pinegar's rule to modify custody and support failed to state a cause of action in that the petition fails to allege a change in circumstances materially affecting the welfare of the child.
In her rule to modify custody, Ms. Pinegar stated that since the previous custody decree was rendered in East Baton Rouge Parish, Hurricane Katrina had caused chaos and destruction. She and the child had been residing in St. Tammany Parish for over six months, and she had obtained employment with the St. Tammany Parish School System. Ms. Pinegar alleged that she and Mr. Harris had been unable to discuss or amicably resolve custody issues, in particular regarding Mr. Harris's demands that she and the child return to East Baton Rouge Parish. Ms. Pinegar stated that Mr. Harris rarely effectuates visitation by himself, as his parents usually assist him. Finally, Ms. Pinegar indicated that the child and Mr. Harris are seeing a therapist in St. Tammany Parish.
Because the peremptory exception raising the objection of no cause of action raises a question of law and the trial court's decision is based only on the sufficiency of the petition, an appellate court conducts de novo review. Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 119. The only issue at the trial of the peremptory exception raising the objection of no cause of action is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Well-pleaded allegations of fact are accepted as true. See Ramey, 869 So.2d at 118. After a de novo review and accepting the facts pled in the petition as true, we conclude that the trial court correctly denied the peremptory exception raising the objection of no cause of action. Ms. Pinegar's rule to modify custody and support states a cause of action.
Custody and Domiciliary Parent Status
Every child custody case must be reviewed within its own peculiar set of facts and circumstances. R.J. v. M.J., 03-2676 (La.App. 1 Cir. 5/14/04), 880 So.2d 20, 23. The trial court's factual determinations cannot be set-aside in the absence of manifest error or unless those findings are clearly wrong. See Elliott v. Elliott, 05-0181 (La.App. 1 Cir. 5/11/05), 916 So.2d 221, 226-227, writ denied, 05-1547 (La.7/12/05), 905 So.2d 293. Furthermore, the trial court's determination of custody is entitled to great weight and will not be reversed on appeal unless an abuse of discretion is clearly shown. R.J., 880 So.2d at 23.
We find no abuse of discretion in the trial court's judgment modifying custody and designating Ms. Pinegar as the domiciliary parent.

Conclusion
Following a thorough review, we conclude the record does not demonstrate that the judgment of the trial court is legally incorrect or clearly wrong, or that the trial court abused its discretion in resolving these matters. The judgment of the district court is affirmed, and all costs associated with this appeal are assessed to appellant, Bradley Falcon Harris. This memorandum opinion is issued in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1 B.
*1253 MOTION TO ATTACH EXHIBITS TO APPELLATE BRIEF DENIED; MOTION TO STRIKE GRANTED; ANSWER TO APPEAL DISMISSED; JUDGMENT AFFIRMED.
MCDONALD, J., agrees in part and dissents in part and will assign reasons.
McDONALD, J., Agreeing in part and dissenting in part.
I agree with the majority in denying the motion to attach exhibits to the appellate brief, granting the motion to strike, and dismissing the answer to the appeal. However, I disagree with the majority's opinion to affirm the judgment. I believe that the case of St. Amant v. St. Amant, is not distinguishable from the facts of this case and is controlling. Thus, venue was not proper in St. Tammany Parish. In interpreting La.Code Civ. P. art. 74.2 the St. Amant court addressed the exact same joint custody situation as found here.
"We note at least the possibility of an argument that Article 74.2 speaks of "the person awarded custody," and that in a joint custody situation either parent could claim custody for venue purposes. We dismiss the merits of such an argument because Article 74.2 in speaking of venue uses the singular in referring to "the parish where the person awarded custody is domiciled." The legislature obviously meant one parish and one person. The one person in a joint custody circumstance would obviously be the domiciliary parent, as is Mrs. St. Amant." St. Amant v. St. Amant at 1315.
Thus, in the present situation, where there is joint custody but no domiciliary parent, there would only be one appropriate venue, the parish where the custody decree was rendered. That would be East Baton Rouge Parish rather than St. Tammany Parish.
For these reasons I respectfully dissent as to that part of the opinion affirming the judgment.
NOTES
[1] Although Ms. Pinegar answered the appeal, no relief was requested, and no assignment of error was briefed. Therefore, the answer to the appeal is dismissed.
[2] Clearly, counsel for Mr. Harris recognizes certain exhibits are not part of the record. In the motion to attach the exhibits, counsel states: "The issue of proper venue . . . requires a review of the history of this proceeding in the Family Court of East Baton Rouge Parish, which is not part of this record." And in the appellant's brief, there is the following statement: "The statement of this case must include the history of the case in Baton Rouge, which, although not a part of the record in this case, is essential to Appellant's claim of error."
[3] The judgment signed May 16, 2005, reduces to writing a judgment rendered September 17, 2004. The delay in the signing of the written judgment is unexplained.
[4] It is undisputed that Ms. Pinegar is domiciled in St. Tammany Parish.
[5] As originally drafted, the "custody decree" referenced in LSA-C.C.P. art. 74.2 B was limited to the "original" custody decree. The qualifier "original" was deleted from Article 74.2 B by 1987 La. Acts No. 417, § 1.
[6] This case is clearly distinguishable from the holding in St. Amant v. St. Amant, 564 So.2d 1312 (La.App. 1 Cir.1990), writ denied, 567 So.2d 622 (La.1990). St. Amant stands for the proposition that when there is joint custody and a domiciliary parent has been named, the parish of the domiciliary parent and the parish of the custody decree are proper venues under LSA-C.C.P. art. 74.2 B. We decline to extend that holding beyond the situation presented in St. Amant. Unlike St. Amant, at the time Ms. Pinegar filed her rule to modify custody, although the parties shared joint custody, neither parent was named as domiciliary parent. Moreover, the existing custody decree herein was not incidental to a divorce proceeding, as the couple was never married.