# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 0572

## WHITNEY CONDON

## VERSUS

## HORACE CONDON, JR.

*Judgment Rendered:*

**FEB 2 3 2024**

\*\*\*\*\*\*\*\*

**Appealed from the**
**21ˢᵗ Judicial District Court**
**In and for the Parish of Livingston**
**State of Louisiana**
**Case No. 174838, Division J**

**The Honorable Jeffrey C. Cashe, Judge Presiding**

\*\*\*\*\*\*\*\*

| | |
|---|---|
| C. Glenn Westmoreland<br>Albany, Louisiana | Counsel for Plaintiff/Appellant<br>Whitney Condon |
| | |
| David C. Hesser<br>Alexandria, Louisiana | Counsel for Defendant/Appellee<br>Horace Condon, Jr. |

\*\*\*\*\*\*\*\*

**BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.**

**LANIER, J.**

In this custody proceeding that originated in Vernon Parish, the plaintiff, Whitney Condon, appeals a judgment of the trial court sustaining an objection to venue in Livingston Parish. We amend the judgment to order that the suit be transferred to Vernon Parish and, as amended, affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

During their marriage, Whitney and Horace Condon resided in Vernon Parish. One child was born of the marriage on August 15, 2019. On October 19, 2020, the parties entered into a consent judgment that awarded "split custody with visitation one week on and one week off with the minor child" with each parent designated as "the domiciliary parent of the minor child when he is in their custody." The parties also waived their right to any joint implementation plan by the trial court. The consent judgment was read, rendered, and signed by the trial court in the 30th Judicial District Court, Vernon Parish, on January 5, 2021. The parties divorced in October 2021.

On July 22, 2022, Ms. Condon filed a petition for custody and support in the 21st Judicial District Court, Livingston Parish, seeking an award of joint custody with her designated as the domiciliary parent. She also sought child support in accordance with the guidelines. Ms. Condon subsequently filed an amended petition, noting that she had relocated to Livingston Parish and was engaged to be remarried. She asserted "that it would serve the best interest of the minor child, the parties and judicial economy that [the prior consent judgment] be made executory in the Parish of Livingston … and that any and all future litigation concerning custody and support … be brought in the Parish of Livingston."

In response to the petition, Mr. Condon filed an exception raising the objections of improper venue, lack of jurisdiction over the defendant, and forum *non conveniens*. Mr. Condon argued that because there was no domiciliary parent

2

designated in the consent judgment, Ms. Condon's domicile, Livingston Parish, was not a court of proper venue and that the matter should remain in Vernon Parish. He further asserted that based on the factors set forth in La. R.S. 13:1819, Livingston Parish is an inconvenient forum for this matter under the circumstances.[1] The matter was argued before the trial court on December 7, 2022, at which time the trial court sustained the exception raising the objection of improper venue. The trial court signed a judgment in accordance therewith on January 26, 2023. From this judgment, Ms. Condon has appealed.

## LAW AND DISCUSSION

"Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La. Code Civ. P. art. 41. The objection to improper venue is raised by a declinatory exception. La. Code Civ. P. art. 925(A). The general rules of venue provide that an action against "[a]n individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence." La. Code Civ. P. art. 42(1). However, "[t]he general rules of venue provided in Article 42 are subject to the exceptions provided in [Articles 71 through 86] and otherwise provided by law." La. Code Civ. P. art. 43.

---

[1] As set forth in La. R.S. 13:1819(B), for the purpose of determining whether a forum is inconvenient, the trial court shall consider all relevant factors, including:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.
(2) The length of time the child has resided outside this state.
(3) The distance between the court in this state and the court in the state that would assume jurisdiction.
(4) The relative financial circumstances of the parties.
(5) Any agreement of the parties as to which state should assume jurisdiction.
(6) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child.
(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.
(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

The venue exceptions pertinent to custody and child support proceedings are found in La. Code Civ. P. art. 74.2, which provide in part:

> A. A proceeding to obtain the legal custody of a child or to establish an obligation of support may be brought in the parish where a party is domiciled or in the parish of the last matrimonial domicile.
>
> B. A proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the custody decree was rendered. If the person awarded custody is no longer domiciled in the state, the proceeding for change of custody may be brought in the parish where the person seeking a change of custody is domiciled or in the parish where the custody decree was rendered.
>
> . . . .
>
> E. For the convenience of the parties and the witnesses and in the interest of justice, a court, upon contradictory motion or upon its own motion after notice and hearing, may transfer the custody or support proceeding to another court where the proceeding might have been brought.

Thus, under Article 74.2(B), a proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the custody decree was rendered. Comment (c) of the 1983 comments to this article provides: "Venue for a proceeding for change of custody would be the parish where the person awarded custody is domiciled or where the original decree was rendered because both courts would be familiar with the circumstances of the case and could rule in the best interest of the minor."

On appeal, Ms. Condon argues that venue was proper in Livingston Parish as Article 74.2 clearly provides that her domicile is a proper venue for a change in custody and for the initial setting of child support. Ms. Condon asserts that because she and Mr. Condon were awarded split custody and designated co-domiciliary parents, the parish of her domicile is a proper venue for this matter. Ms. Condon maintains the trial court's focus should not have been on whether Vernon Parish was still a court of proper venue but rather on whether Livingston Parish was a court of proper venue.

4

In support of her argument, she cites **Pinegar v. Harris**, 2006-2489 (La. App. 1 Cir. 5/4/07), 961 So.2d 1246. In **Pinegar**, three earlier consent judgments had been entered into by the parties in East Baton Rouge Parish reflecting that the parents had shared physical custody of the child, with alternating weeks, but neither parent was named as the domiciliary parent. Thereafter, the mother filed a rule to modify custody and support in St. Tammany Parish where she was domiciled. The trial court denied the father's exception raising the objection of improper venue, finding that venue was proper in St. Tammany Parish. **Pinegar**, 961 So.2d at 1249-1250. On appeal, this court held that because there had been no designation of a domiciliary parent and the parents had been awarded joint custody, venue was proper in either East Baton Rouge Parish or St. Tammany Parish pursuant to Article 74.2(B) and that the trial court had not abused its vast discretion in declining to transfer the matter to East Baton Rouge Parish. **Pinegar**, 961 So.2d at 1250-1251.

Mr. Condon argues that venue based on a weekly "rotating domiciliary parent" is invalid according to the Louisiana Supreme Court's holding in **Hodges v. Hodges**, 2015-0585 (La. 11/23/15), 181 So.3d 700. He further asserts that the trial court was correct to consider Article 74.2(E) in its decision and did not abuse its discretion in ordering that the proceedings be heard in Vernon Parish. Mr. Condon notes that not only does he continue to reside in Vernon Parish, but the minor child resides there for half of the time. He adds that Vernon Parish is where the case originated and that numerous witnesses, including grandparents, other family, babysitters, and friends, also reside in Vernon Parish and would potentially have to travel approximately 193 miles to testify in this custody matter.

In **Hodges**, the court held that "[a]lthough each parent can share physical custody, the court can only designate a single domiciliary parent." **Hodges**, 181 So.3d at 706; see La. R.S. 9:355(A)(2)(b) and (B)(1). Further, "when parties are

awarded joint custody, the court must designate a domiciliary parent unless the implementation order provides otherwise, or for other good cause shown." *Id.* (citing **Evans v. Lungrin**, 97-0541 (La. 2/6/98), 708 So.2d 731, 737).

In the instant case, Mr. and Ms. Condon consented to an award of split custody, with each parent designated as "the domiciliary parent of the minor child when he is in their custody." Further, the parties waived their right to an implementation plan by the trial court. Pursuant to **Hodges**, a single domiciliary parent must be designated. **Hodges**, 181 So.3d at 706. Thus, by entering into a consent judgment that was not in compliance with the supreme court's ruling in **Hodges**, the parties have chosen not to designate a domiciliary parent. Thus, based on a plain reading of Article 74.2(B), under the facts and circumstances of this case, venue was proper in either Livingston Parish or Vernon Parish. See **Pinegar**, 961 So.2d at 1251.[2]

However, we note that Article 74.2(E) provides a party with a procedure to challenge a venue that may also be appropriate under that article.[3] In evaluating such a challenge, the trial court has great discretion to decide which of the several proper venues is more appropriate when considering the convenience of the parties and the witnesses and the interest of justice. When exercising its discretion, the court always should be mindful of whether it has access to the relevant information pertinent to a determination of the overriding concern in all child custody disputes—the best interest of the child. **Lewis v. Marcotte**, 2021-0432 (La. App. 1 Cir. 12/22/21), 339 So.3d 1189, 1193 (finding no abuse of discretion under Article 74.2(E) in determination that Jefferson Parish was more appropriate venue

---

[2] Although **Pinegar** was decided before the supreme court's ruling in **Hodges** regarding the need for the designation of a single domiciliary parent, we find the ruling instructive herein. In **Pinegar**, neither parent was named domiciliary parent. Similarly, in the case before us, the improper designation of co-domiciliary parents results in no domiciliary parent designated.

[3] We note that pursuant to Article 74.2(E), the trial court in Livingston Parish, on its own motion, could have transferred Ms. Condon's petition for custody and support to Vernon Parish in the interest of justice and based upon the convenience of the parties.

to hear petition seeking a modification of custody although domiciliary parent resided in Tangipahoa Parish; the custody proceeding originated in Jefferson Parish, the parties shared physical custody of the child on a 50/50 basis, the child attended school in Jefferson Parish, and non-domiciliary parent was domiciled in Jefferson Parish).

In the instant case, the consent decree originated in Vernon Parish. Moreover, as noted by Mr. Condon, numerous witnesses, including the minor child's grandparents, reside in Vernon Parish. Under the facts and circumstances of this case, we find no error in the trial court's decision granting the exception to decline venue in Livingston Parish and concluding that Vernon Parish was the proper venue for Ms. Condon's petition for custody and support.[4]

While we find no abuse of the trial court's discretion with respect to its determination that under Article 74.2(E), Vernon Parish was the more appropriate venue for the relief sought by Ms. Condon, we note that inherent in such determination is that an order be issued for the actual transfer of the newly filed matter to that more appropriate venue or court. See La. Code Civ. P. art. 74.2(E); see also **Labostrie v. Labostrie**, 605 So.2d 187 (La. 1992). Herein, while the trial

---

[4] In reaching a decision herein, we are mindful of our prior holding in St. Amant v. St. Amant, 564 So.2d 1312, 1315 (La. App. 1 Cir.), writ denied, 567 So.2d 622 (La. 1990), which pre-dated the supreme court's holding in **Hodges,** and find it to be clearly distinguishable from the instant case. St. Amant stands for the proposition that when there is joint custody and a domiciliary parent has been named, the parish of the domiciliary parent and the parish of the custody decree are proper venues under Article 74.2(B). In considering the venue provisions of Article 74.2, this court found:

> We note at least the possibility of an argument that Article 74.2 speaks of "the person awarded custody," and that in a joint custody situation either parent could claim custody for venue purposes. We dismiss the merits of such an argument because Article 74.2 in speaking of venue uses the singular in referring to "the parish where the person awarded custody is domiciled." The legislature obviously meant one parish and one person. The one person in a joint custody circumstance would obviously be the domiciliary parent ....

St. Amant, 564 So.2d at 1315. Unlike in **St. Amant,** at the time Ms. Condon file her petition for custody and support, although the parties were awarded split custody, there was no proper domiciliary parent designated. Thus, we decline to extend the holding of **St. Amant** beyond the facts presented in that case

court sustained the objection of venue and ordered that all proceedings be heard in Vernon Parish, the trial court's judgment did not actually transfer the proceeding back to Vernon Parish. Therefore, we amend the trial court's judgment to order that this matter—Ms. Condon's petition for custody and support—be transferred to the 30th Judicial District Court for the Parish of Vernon. As amended, the January 26, 2023 judgment of the trial court is affirmed.

## DECREE

For the above and foregoing reasons, we amend the January 26, 2023 judgment of the trial court to order that this matter be transferred to the 30th Judicial District Court for the Parish of Vernon, and, as amended, we affirm. We assess all costs associated with this appeal against Whitney Condon.

**AMENDED AND AFFIRMED AS AMENDED.**